CARPENTER *vs.* STEVENS and others.

Where the property, taken by virtue of a *writ of replevin*, is a living animal, and there is judgment of *retorno habendo*, in an action on the *replevin bond* for a breach of its condition, it is a good plea in bar, that before the judgment in the replevin suit, the animal *died* without the default of the plaintiff in such suit.

DEMURRER to plea. The plaintiff, as late sheriff of Madison county, declared on a *replevin bond* executed by *Stevens* as the plaintiff, and the others as his sureties, in a replevin suit commenced against R. Tone and B. O. Wright, for a *mare* alleged to have been taken by them from the possession of Stevens. The bond was in the usual form, to prosecute the suit with effect, and to return the property if return should be adjudged. The plaintiff averred that judgment *de retorno habendo* was rendered in favor of the defendants in the replevin suit, and for breach alleged that the property had not been returned. The defendants pleaded that before such judgment, and previous to the commencement of this suit, the *mare* mentioned in the condition of the bond *died* by inevitable accident, and without the default of Stevens, his servants or agents. To this plea the plaintiff demurred.

*M. T. Reynolds,* for the plaintiff.

*P. Gridley,* for the defendants.

*By the Court,* SUTHERLAND, J. The case seems to fall within the principle laid down by Lord Coke, 1 Inst. 206, a. b., that where the condition of a bond or recognizance, &c. is possible at the time of the making of it, and before the same can be performed, it becomes impossible, by the act of God, or of the law, or of the obligee, there the obligation is saved—as if a man be bound by recognizance or bond, with condition that he shall appear at the next term in such a court, and before the day he dieth, the recognizance or obligation is saved ; but if the condition be impossible at the time of making the bond, &c. there the condition is gone, and the bond becomes

<div style="float:left">

ALBANY,
Oct. 1834.

Carpenter
v.
Stevens.

</div>

single and absolute, 2 Black. Comm. 341. In *The People* v. *Manning & Condit*, 8 Cowen, 297, this principle was applied to the case of a recognizance, conditioned that a sheriff, who was there arrested upon an attachment, should appear at the next term of the supreme court, on the third Monday of July ensuing, to answer, &c. Before the day fixed for the appearance, the sheriff was taken sick and was confined to his house and bed, and could not be removed; and so continued until the 22d of *March*, when he died. The obligors were held to be excused from performance on the principle laid down by Lord Coke. In that case, it will be observed, too, that performance was not absolutely and physically impossible. The sheriff was alive at the day, and lived for a month afterwards. Comyn's Dig. tit. Condition, D. 1. Where a *right of action* depends upon the performance of a condition precedent, performance cannot be excused, unless it is dispensed with or prevented by the opposite party, although it has become impossible without any default on the part of the plaintiff, or even by the act of God. *Moakley* v. *Riggs*, 19 Johns. R. 71. 2 H. Black. 574. 6 T. R. 710. 1 H. Black. 258. 6 Cowen, 624. *Inman* v. *The Western Fire Ins. Co.*, ante, 452. But the rule is different where the impossibility of performance is set up as *matter of defence*. Nor is there any particular hardship or injustice in this rule, or in its application to this case; for, as it is conceded that the death of the animal was in no degree produced by the act or default of the defendant, but was occasioned by the act of God, the legal presumption is that she would have died if she had not been taken from the possession of the owners. But however this may be, the rule seems to be established, and must be applied to this case.

<div style="text-align:center">Judgment for defendant.</div>