JOHN SHAW *versus* SUMNER LAUGHTON & *al.*

Where property has been attached, and a receipt therefor has been given to
the attaching officer by the defendant and another, whereby they promise
to pay a sum of money, or safely to keep the property free of expense to
the officer, and on demand to re-deliver the same to him, or his successor in
office, — and if no demand is made, that they will, within thirty days from
the rendition of judgment in the suit, re-deliver the property at a place
named, and notify the officer of the delivery, — such contract is not illegal.

To maintain an action on the contract after the expiration of the thirty days,
it is not necessary for the officer to prove a demand of the property, nor
notice to the receipters of the time when judgment was rendered.

But the receipters are not to be held liable for the value of a horse, part of
the property, which died before the time limited for the delivery, without
fault on their part.

ASSUMPSIT against Sumner Laughton and Dominicus Parker,
upon an instrument of which the following is a copy : — ·

" Orono, July 28, 1836. For value received we promise to
pay John Shaw, deputy sheriff, or his order, the sum of one
hundred dollars on demand, or to re-deliver the goods and
chattels following, viz.—One horse, one gig, and one harness,
which property the said John Shaw has taken by virtue of a
writ against Sumner Laughton in favor of William H. Baxter.
And we agree safely to keep, and on demand to re-deliver, all
the goods and chattels above described, to the said Shaw, or
his successor in office, at Orono, in said county, in like good
order and condition as the same are now in, free from expense
to said Shaw, or to the creditor aforesaid. And we further
agree, that if no demand is made, we will within thirty days
from the rendition of judgment in the action aforesaid, re-deliver
all the above described property as aforesaid, at the above
named place, and forthwith notify said officer of said delivery.
                    " Sumner Laughton — Dominicus Parker."

The plaintiff offered no evidence of any demand upon the
defendants for the property mentioned in the receipt, nor of
any notice to the defendants when judgment was obtained in
the action named therein. The horse died before the expira-
tion of thirty days from the recovery of judgment in the original
action.

It was agreed, by the parties, to submit the case for the decision of the Court; and that if the action cannot be maintained without evidence of one or both of said points, or if said receipt is illegal, contrary to the policy of the law, or for any other cause appearing upon its face invalid, the plaintiff should become nonsuit; otherwise, the defendants were to be defaulted, and judgment was to be entered for the value of the gig and harness, and also for the value of the horse, if the defendants are liable therefor.

*Prentiss*, for the plaintiff, contended, that the contract declared on, was a legal one. *Farnham* v. *Cram*, 15 Maine R. 79.

The knowledge of the time when judgment was rendered in the suit wherein the attachment was made, is not in any peculiar manner within the knowledge of the plaintiff. The proceedings of the Courts are open to all. But one of the present defendants was the defendant in that suit, and ought to know, better than the officer, when judgment was rendered. *Hobart* v. *Hilliard*, 11 Pick. 144; 1 Phil. Ev. 319. To say that notice must be given when the judgment was obtained, would be to make a different contract for the parties from that made by themselves.

*J. Appleton*, for the defendants, said, that they could not be held liable to pay the value of the horse. *Melvin* v. *Winslow*, 1 Fairf. 397 ; *Carpenter* v. *Stevens*, 12 Wend. 589.

When default is made, the defendant is out of Court, and has no knowledge when the plaintiff will take his judgment. *Herring* v. *Polley*, 8 Mass. R. 113. The defendants are not obliged to watch when judgment is taken, and to seek after the plaintiff, and to find the execution. It is sufficient if he is ready to deliver the property, when demanded. No action can be maintained where the officer has ceased to be liable. St. 1821, c. 60, § 1 ; *Tibbetts* v. *Towle*, 3 Fairf. 242 ; *Carr* v. *Farley*, ib. 328 ; *Howard* v. *Smith*, 12 Pick. 202.

The opinion of the Court was by

WESTON C. J. — By the agreement of the parties, the plaintiff is to become nonsuit, if the contract, upon which he relies, is illegal, or if by law, either a prior demand or notice of the rendition of judgment, in favor of the attaching creditor, was essential to the maintenance of the action.   If the Court should determine otherwise upon these points, the defendants are to be defaulted.   It must be understood, that no other grounds of defence exist, except as to a part of the damages, which will be subsequently noticed.

We perceive no objection to the legality of the contract. The plaintiff had assumed official responsibility in consequence of the attachment, from which he had a right to be protected, upon delivering the property to the defendant.   Authorities have been cited to show, that an action against a receipter of property attached cannot prevail, if the liability of the officer has ceased, by the negligence of the creditor or otherwise.   It is a sufficient answer to say, that no such point is presented to our consideration in the agreement of the parties.   Nor does it there appear, that when the goods should have been delivered, the plaintiff was no longer an officer, as has been assumed for the defendants in argument.

By the contract the goods were to be delivered on demand; but if no demand was made, the defendants were to re-deliver the property " at the above named place," (Orono,) and to notify " said officer," (the plaintiff) of such delivery, within thirty days, from the rendition of judgment.   This part of the contract is not to be disregarded.   It is perfectly intelligible; and as it clearly imposes an obligation upon them without demand, and has not been complied with, no previous demand is necessary to render them legally liable.   And in our opinion, as one of the defendants was a party to that judgment, they were bound to take notice of its rendition.   *Hobart* v. *Hilliard*, 11 Pick. 143.

With regard to the horse, it having died before the expiration of the time, limited for its delivery, and no fault appearing in the defendants, they should not be held to answer for

its value. The officer would be excused in such a case, and so ought the receipters to be, who are keepers for him. *Carpenter* v. *Stevens & al.* 12 Wend. 589; *Melvin* v. *Winslow & als.* 1 Fairf. 397. These cases were on replevin bonds, but they are analogous in principle.

*Defendants defaulted..*