WOLFE, executor of Vache, *vs.* HOWES and others.

The sickness or death of a party contracting to perform a particular personal service, is a legal excuse for the non-performance of the work, in a case where compensation is made dependent upon full performance.

In such a case the party, or his representatives, may recover upon the *quantum meruit, pro rata,* for the service actually performed.

THE plaintiff's testator and the defendants, on the 1st day of May, 1852, entered into a written agreement as follows: "Memorandum of an agreement made this day between Howes, Scofield & Co., of the first part, and Nicholas Vache of the second part, witnesseth, that for and in consideration of one dollar to me in hand paid, the receipt of which I do acknowledge, do agree on my part to do all the *pot room work* for the said parties of the first part, in a good and workmanlike maner, for one year from the date of this contract, at the price of $40 per month, ten dollars of which is to be paid me monthly. If extra help is needed, we agree to furnish it."

The defendants were glass manufacturers at the Dunbarton Glass Works, Oneida county. Vache was a manufacturer of pots to melt glass in; he entered into the employment of the defendants, under the agreement, on or about the 1st of May, 1852, and continued until the 7th of December following, when he became sick and incapable of further performance. He died in May, 1853. This action was brought by his executor for the work and labor performed between the said 1st of May and 7th of December.

The cause was tried before a referee, who reported in favor of the plaintiff for the work and labor at the price stipulated in the contract. The defendant Howes appealed from the judgment.

*T. Jenkins,* for the appellant.

*F. Kernan,* for the respondent.

*By the Court,* HUBBARD, P. J. The written agreement under which the labor was performed plainly contemplated the

*personal service* of the decedent. The pot room work in a glass establishment requires skill and experience. The decedent possessed these qualities, and for his personal service in that business the defendants engaged to give him $40 per month. It is apparent therefore, that the decedent could not have performed his contract by procurement, or in any manner except by his individual service. It is true that by the terms of the agreement, full performance of the year's labor is made a condition precedent to the payment of compensation, except the monthly installment of ten dollars. It is true, also, that this condition was not fulfilled, in consequence of sickness and death.

The important question to be considered is, whether this providential visitation is a legal excuse for the non-performance of the condition of the contract, so as to entitle the plaintiff to a recovery upon the *quantum meruit, pro rata,* for the work actually performed. In my judgment it is. The general rule of law upon the subject of conditions precedent is well settled, that full performance of an *entire contract* to do any particular service is essential to the payment of compensation, and that no recovery can be had for a part performance. (14 *Wend.* 257. 12 *John.* 165. 8 *Cowen,* 63. 19 *John.* 337.) This familiar doctrine is founded upon the just principle of requiring a strict fulfillment of positive and deliberate engagements, and implies some moral or legal fault or neglect. It is probably no excuse that the service which a party has undertaken to perform is impracticable in itself.

The case however, is essentially different, both in its legal and moral aspects, when the non-performance of an engagement for work and labor results from an *overruling cause,* such as *sickness or death,* when no fault or volition is imputable to the party. It would be extremely unjust in such a case to apply the severe and technical doctrine of precedent condition and cut off all compensation for the work actually done.

In my opinion, that doctrine has no application to such a case. When a contract for personal service is entered into, and com-

pensation is made dependent upon full performance, it must be presumed, in the absence of a contrary stipulation, that the parties impliedly contemplated a qualification of the condition with reference to the common *accidents and casualties* incident to human life, which might interrupt the performance of the service. In other words, that the condition should have no legal operation in the event that performance was prevented by a cause referrible to what is understood to be an *act of God*, without the fault of the contracting party.

This implied qualification of the condition is in harmony with the law as well established in a case where performance is prevented by the mandate or *act* of *the law*. In the case of *Jones* v. *Judd*, (4 *Comst.* 411,) it was held that when by the terms of a contract for work and labor, the full price is not to be paid until the work is completed, and complete performance becomes impossible by the act of the law, the contractor may recover for the work actually done, at the prices agreed upon. In that case, the defendants contracted with the state, to construct a section of the Genesee Valley Canal, and made a sub-contract with the •plaintiffs, for a portion of the work, at so much per yard for excavation and embankment, payable monthly except ten per cent, which was not to be paid until the final estimate. Before the work was completed, the plaintiffs were stopped by the state officers, by virtue of an act of the legislature which suspended all work on the canal, and put an end to the defendants' contract from the state. By the terms of the contract on which the action was brought, full performance was expressly made a condition of the payment of the ten per cent. It was decided, however, upon equitable grounds, that inasmuch as performance was rendered impossible by the *act of the law*, beyond the control of the plaintiffs, a recovery might be had. (*See Comyn on Contracts*, 50 ; 10 *John.* 36.)

The principle of this decision is directly applicable to the case at bar. It is the same, in a legal sense, whether the disability arises from the *act of the law* or the *act of God*. In both cases alike, the contracting party is supposed not to be in

Wolfe *v.* Howes.

moral or legal default, but the victim rather of an overruling necessity.

The case of *Fahy* v. *North*, (19 *Barb.* 341,) is in point, holding that the sickness or other similar disability of the party, is an excuse for the non-performance of a contract for work and labor, and sustaining a recovery upon the *quantum meruit.* I fully concur in the soundness of that decision.

Upon the same theory of the law, it was held in *The People* v. *Manning*, (8 *Cowen*, 297,) that a condition in a recognizance is satisfied by a legal impossibility of performance, arising from the act of the law or of God. In that case the sheriff failed to appear upon his recognizance in consequence of sickness, from which he afterwards died. The action was defended on this ground. The decision was put upon the authority of *Co. Lit.* 206 *a,* where it is stated that "if a man be bound by a recognizance or bond with a condition that he shall appear at next term in such a court, and before the day the cognizee or obligor dieth, the recognizance or obligation is saved."

In the case of *Carpenter* v. *Stevens*, (12 *Wend.* 589,) it was held that where a living animal is taken by virtue of a writ of replevin and there is a judgment of *retorno habendo*, it is a good plea to an action on the replevin bond that the animal died without the default of the plaintiff in such suit.

The principle of all this class of cases is applicable to the point I am now considering. It must be held, therefore, upon authority as well as sound reason and justice, that the *sickness* or *death* of a party contracting to perform a particular personal service, is a legal excuse for the non-performance of the work, in a case where compensation is made dependent upon full performance; that in such case the party or his representative may recover upon the *quantum meruit, pro rata,* for the service actually rendered.

The complaint upon the *quantum meruit* was sufficient. It might have been expedient, although it was not necessary, to set forth the special contract, and the excuse for its breach. The contract and the excuse, however, might be shown under the common counts. ·

It was a question of fact which cannot be reviewed upon the weight of evidence, whether the decedent performed his work in an unskillful or negligent manner with reference to the value of his services.

The judgment must be affirmed.(a.)

[JEFFERSON GENERAL TERM, April 7, 1857.  *Hubbard, Bacon, Pratt* and *W. F. Allen,* Justices.]

(a) See opinion of BACON, J , *post,* p. 666.