# THE PEOPLE OF THE STATE OF NEW YORK, Appellants, *v.* BYRON P. TUBBS, MARENUS TUBBS, and JAMES WITHERS, Respondents.

*Forfeited Recognizance—Excuses—Sickness.*

When a party is under a recognizance with proper sureties to appear at Court to answer, &c., and he is prevented by sickness from fulfilling the terms of his recognizance, such fact will be a good defence to an action brought upon his estreated recognizance.

Sickness of the principal is to be deemed such an act of God as to excuse the sureties from having his body before the Court, according to the terms of the recognizance.

APPEAL from judgment entered upon the report of a referee, affirmed at a General Term of the Supreme Court for the Fifth District.

This action was to recover the sum of one thousand dollars, for the breach of an alleged recognizance, by which the Defendants were bound for the appearance of the said Byron P. Tubbs, at a Court of Sessions in Madison county, which was held at Morrisville, on the 23d of March, 1863, to answer an indictment for perjury, and stand trial, &c.

The answer denied all the allegations in the complaint, except that Tubbs was indicted, and further averred that, at the time when Tubbs was called, and the other Defendants were required to produce him, viz., on the 23d of March, 1863, he "was sick and unable to go or to be carried to said Morrisville," and his non-appearance to answer "was wholly without his fault or the fault of his said bail."

The action being referred and tried, the referee found:

First. That the recognizance upon which this suit was brought was not entered in the minutes of the Court, and the substance thereof read to the parties recognized.

Second. That the minutes of the Court at which such recognizance is claimed to have been entered into, are kept in brief on sheets

of paper attached together, and that in this case only the title of the cause, the name of the principal and sureties, the amount of the bail, in figures, the time at which the principal was to appear, and the cause for which he was to appear, were written in the said minutes; that the recognizance was put into form and written in a book kept for that purpose after said Court had adjourned, and that said recognizance, as repeated to prisoner and sureties, was not on the minutes kept in said Court.

Third. That the Defendant, Byron P. Tubbs, did not appear, &c.

Fourth. That said Byron P. Tubbs was *unable* to appear at said Court of Sessions, by reason of sickness and injuries arising from being thrown from a horse shortly prior to said March Term of said Court of Sessions.

And he states his conclusions of law:

First. That the recognizance upon which this action is brought was not executed in accordance with the requirements of the statute, and is void by reason thereof.

Second. That the sickness of the Defendant, and his injuries, disabling him from appearing at said March Sessions, is an excuse for his non-appearance thereat, and a valid defence to this action.

He therefore directed judgment for the Defendants for costs, which was entered accordingly.

The special finding contained in the case, as settled by the referee, reiterates the findings embodied in his report, with the further finding, that the Defendants did, in open Court, at the time alleged, enter into the recognizance mentioned in the complaint, a copy of which was given in evidence; and that Byron P. Tubbs failed to appear, and an order was made by the Court estreating said recognizance, and ordering the same to be prosecuted as alleged in the complaint. To a question put to Mr. Tubbs, when examined as a witness, viz.: "Were you able to go to Court during Court week?" the Plaintiffs' counsel objected, and to its admission excepted.

From the judgment of affirmance the Plaintiffs appealed to this Court.

*D. C. Cameron* for the Appellants.

*H. O. Southworth* for the Respondents.

Woodruff, J.—The referee has found as a fact that the Defendant, Byron P. Tubbs, the principal, *was unable* to appear at the term of the Court at which he was, by the alleged recognizance, bound to appear, and at which, for such non-appearance, the said recognizance was estreated. And also that such inability was by reason of sickness and injuries arising from being thrown from a horse shortly prior to said term of the said Court.

These facts we are not at liberty to question.

The case is before us in a form permitting us to review questions of law only (Code, §§ 272, 268).

There was evidence in support of this finding, and it was competent for the Supreme Court to reverse if the findings were not satisfactory to them upon this point. We have no such power.

The question of law upon this finding is, Does an inability of the principal to appear, " by reason of sickness and injuries arising from being thrown from a horse prior to the term of the Court," constitute a defence to an action upon the Defendant's recognizance ?

I do not think that this should be regarded as an open question in this State. The recognizance is but a solemn contract. It is made of record, but that does not withdraw it from the general rule applicable to contracts, whether by parol, in writing, under seal, or in whatever form they are entered into.

In this State it is settled that the act of God or of the law will excuse the non-performance.

As to contracts in general, see Wolfe *v.* Howes (20 N. Y. 197) in this Court, affirming the decision of the Supreme Court (24 Barb. 174), and citing cases, text-writers, and reports from other States establishing the doctrine. The case of a replevin bond—Carpenter *v.* Stevens (12 Wend. 589). And as to recognizances in particular, see The People *v.* Manning (8 Cowen, 297) ; The People *v.* Bartlett (3 Hill, 570) ; The People *v.* Cook (30 Barb. 110).

The inability of the principal to appear, by reason of sickness, is, within these cases, the act of God which excuses, and is a sufficient defence.

On the trial, Byron P. Tubbs, the principal in the recognizance, was examined as a witness, and testified to his illness; that he was hurt on Friday; that on Monday, when the Court commenced, he had not got up; that he was confined to his bed nine days. The question was then put to him—"Were you able to go to Court during Court week?" To this question the Plaintiffs'· counsel objected, and excepted to its allowance.

The witness answered: "No, sir; I was not able during Court week to go to Morrisville, and could not have gone."

. It is argued that this was objectionable, because the witness was not an expert, and that it was permitting the witness to determine a question of fact which it was within the province of the referee to determine.

Witnesses are often permitted to testify in the very terms in which a referee, or the Court, or the jury are to determine an issue— e.g., on an issue touching the making of a note, or the signing of an instrument; if the alleged signer be a competent witness he may testify in terms that he did not sign it, or that the signature is not in his handwriting. Or in an action for an assault and battery, the Defendant, when a competent witness, may be asked, and he may testify that he did not strike the Plaintiff; and the like is true in examples that might be multiplied almost indefinitely. The objection, therefore, that this was the very matter which the referee was to decide, amounts to nothing. He was to decide upon *all the* evidence bearing on the question, and the witness, in all such cases, may be contradicted, and his testimony be, perhaps, wholly discredited.

Was the evidence objectionable, as calling for the opinion of an expert? No such suggestion was made on the trial, and if it had been suggested it is possible that the Defendants might have obviated the objection by proof that the witness had every qualification of medical skill and experience which constituted the most thorough expert.

But I apprehend that the question did not call for an opinion. It was addressed to the conscious knowledge of the witness of the extent of his prostration. It added very little to what he

had previously stated, viz., that he was *confined to his bed;* but whether more or less, it is clearly competent for the witness to describe his actual condition.   If he could not sit up, he knew it, presumptively, better than any one else ; not as an opinion, but as matter of fact of which he was conscious, either from sensation or experience.   So if he could not raise his arm, or could not walk, or could not go to Court.

I think the objection was properly overruled.

If these views are correct, the judgment must be affirmed, whatever our views may be of the sufficiency of the recognizance.

All concur.

Judgment affirmed.