## GILBERT R. SPALDING, et al., Appellants, *v.* CARL ROSA, et al., Respondents.

Contracts for personal services, whether of the contracting party or of a third person, requiring skill, and which can only be performed by the particular person named, are not, in their nature, of absolute obligation under all circumstances, but are subject to the implied condition that the person named shall be able to perform at the time specified; and if he dies, or without fault on the part of the covenantor becomes unable to perform, the obligation to perform is extinguished.

Defendants contracted with plaintiffs, who were proprietors of a theatre, to furnish the "Wachtel Opera Troupe" to give a certain number of performances, the parties to divide the receipts in certain specified proportions. The company so styled was well known by its name. Wachtel, from whom it took its name, was the leader and chief attraction. His connection with the company was the inducement to the plaintiffs to enter into the contract. Wachtel because of illness was unable to sing, and in consequence defendant did not perform. In

an action to recover damages for breach of the contract, *held*, that the presence of Wachtel was the principal thing contracted for, and was of the essence of the contract; that plaintiff would not have been bound to accept the services of the troupe without him; and that the sickness and disability of Wachtel, it having occurred without the fault of defendants, constituted a valid excuse for non-performance and a good defense to the action.

(Argued September 26, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of defendants, entered upon an order overruling exceptions and directing a judgment upon an order on trial dismissing plaintiffs' complaint.

This action was brought by plaintiffs, who were the owners and managers of the Olympic Theatre, in St. Louis, to recover damages for an alleged breach of contract by defendants. By the contract, defendants agreed to furnish the "Wachtel Opera Troupe," to give four performances per week at plaintiffs' theatre for two weeks, commencing the 26th or 27th February, 1872, plaintiffs to receive twenty per cent. of the gross receipts, up to $1,800 per week, and defendants the balance. Prior to the time specified in the contract, Wachtel, who was the chief singer and attraction, and who gave the name to the troupe, was taken sick, and at the time was unable to sing. Defendants in consequence did not furnish the troupe at the time specified.

Further facts appear in the opinion.

The court at the close of the evidence directed a dismissal of the complaint, to which plaintiffs' counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*P. Cantine*, for appellants. The sickness of Wachtel was no excuse for a breach of the contract. (*Williams* v. *Vanderbilt*, 28 N. Y., 218; *White* v. *Mann*, 26 Me., 361; *Chapman* v. *Dalton*, Plowden, 284; 2 Pars. on Con., 185; *Gray* v. *Murray*, 3 J. Ch., 167; 1 Mac Q. H. of L. Cas., 668;

*Gilpins* v. *Cousequa*, 1 Pet., 91; *Youqua* v. *Nixon*, id., 221; *Paradine* v. *Jane*, Allyn, 26, 27; Story on Bail. § 36, and notes; *Rowland* v. *Phelan*, 1 Bosw., 43, 52, 57; *Wolfe* v. *Howe*, 20 N. Y., 197, 203; *Clark* v. *Gilbert*, 26 id., 279, 283, 284; *Allen* v. *McKebbin*, 5 Mich., 449; *Patrick* v. *Putnam*, 27 Vt., 759; *Chase* v. *Barrett*, 4 Paige, 161, 162; *Blacksmith* v. *Fellows*, 3 Seld., 416; *Beebe* v. *Johnson*, 19 Wend., 500; *Harmony* v. *Brigham*, 2 Kern., 99, 107, 115; *Clark* v. *Glasgow As. Co.*, 1 Mac Q. Scotch App. Cas., 668; *West* v. *Steamer Uncle Sam*, McAl. [Cal.], 505; *Jemison* v. *McDaniel*, 25 Miss., 83; *Bunn* v. *Prather*, 21 Ill., 217; *M. D. Foundry* v. *Hovey*, 21 Mass., 430, 431; *Davis* v. *Smith*, 15 Mo., 467; *Hand* v. *Baynes*, 4 Whart., 213; *Dwight* v. *Williams*, 4 McL., 581; *The Haniman*, 9 Wal., 172; 1 Pars. on Con., 86, 94.)

*Erastus Cooke*, for respondents. Defendants were excused by the sickness of Wachtel from a performance of the contract. (*Wolfe* v. *Howes*, 20 N. Y., 197, 202; 24 Barb., 174; *Fahy* v. *North*, 19 id., 344; *Clark* v. *Gilbert*, 32 id., 576, 585; *People* v. *Manning*, 8 Cow., 297; *Ryan* v. *Dayton*, 25 Conn., 188; *Boast* v. *Firth*, 4 L. R. C. P., 1; *Taylor* v. *Caldwell*, 3 B. & S., 826; 32 L. J. [Q. B.], 164.)

Allen, J. The contract of the defendants was for four performances per week for two weeks, commencing on the 26th or 27th of February, 1872, by the "Wachtel Opera Troupe," at the plaintiffs' theatre in St. Louis.

The "Wachtel Opera Troupe" was well known by its name as the company at the time of making the contract, performing in operas, under temporary engagements, at the principal theatres and opera houses in the larger cities of the United States, and composed of Wachtel as the leader and chief attraction, and from whom the company took its name, and those associated with him in different capacities, and taking the different parts in the operatic exhibitions for which they were engaged. The proof of the fact that there

was a troupe or company known by that name, was competent, as showing what particular company was in the minds of the contracting parties, and intended, by the terms used; and as there was no controversy upon this subject, and no ambiguity arising out of the extrinsic evidence, there was no question of fact for the jury.

Wachtel had acquired a reputation in this country, as well as in Europe, as a tenor singer of superior excellence; and, in the language of the witnesses, had made a " decided hit " in his professional performances here. It was his name and capabilities that gave character to the company, and constituted its chief attraction to connoisseurs and lovers of music, filling the houses in which he appeared. His connection with the company was the inducement to the plaintiffs to enter into the contract, and give the troupe eighty per centum of the gross receipts of the houses, one-half of which went to Wachtel. Both the plaintiffs testified that it was Wachtel's popularity, and capabilities as a singer, upon which they relied to fill their theatre and reimburse themselves for their expenses and make a profit. The appearance of Wachtel in the operas was the principal thing contracted for, and the presence of the others of the company was but incidental to the employment and appearance of the " famous German tenor." The place of any other member of the company could have been supplied, but not so of Wachtel. His presence was of the essence of the contract, and his part in the performances could not be performed by a deputy or any substitute. The plaintiffs would not have been bound to accept, and would not have accepted the services of the troupe under the contract without Wachtel; it would not have been the " Wachtel Opera Troupe " contracted for without him. There is no dispute as to the facts. The only question, is one of law, as to the effect of the sickness, and consequent inability of Wachtel to fulfill the engagement, upon the obligations of the defendants. So far as this question is concerned, it must be treated as if the contract was for the performance by Wachtel alone; as if he

was the sole performer contracted for. This follows from the conceded fact that his presence was indispensable to the performance of the services agreed to be rendered by the entire company. In this view of the case, the legal question is very easy of solution, and can receive but one answer. The sickness and inability of Wachtel occurring without the fault of the defendants, constitutes a valid excuse for the non-performance of the contract. Contracts of this character, for the personal services, whether of the contracting party or of a third person, requiring skill, and which can only be performed by the particular individual named, are not, in their nature, of absolute obligation under all circumstances. Both parties must be supposed to contemplate the continuance of the ability of the person whose skilled services are the subject of the contract, as one of the conditions of the contract. Contracts for personal services are subject to this implied condition, that the person shall be able at the time appointed to perform them; and if he dies, or without fault on the part of the covenantor becomes disabled, the obligation to perform is extinguished. This is so well settled by authority that it is unnecessary to do more than refer to a few of the authorities directly in point. (*People* v. *Manning*, 8 Cow., 297; *Jones* v. *Judd*, 4 N. Y., 411; *Clark* v. *Gilbert*, 26 N. Y., 279; *Wolfe* v. *Howes*, 24 Barb., 174, 666; 20 N. Y., 197; *Gray* v. *Murray*, 3 J. C. R., 167; *Robinson* v. *Davison*, L. R. 6 Excheq., 268; *Boast* v. *Frith*, id; 4 Com. Pleas, 1.) The same principle was applied in *Dexter* v. *Norton* (47 N. Y., 62), and for the same reasons, to a contract for the delivery of a quantity of specified cotton destroyed by fire, without the fault of the vendor, intermediate the time of making the executory contract of sale and the time for the delivery.

The judgment must be affirmed.

All concur, except FOLGER, J., absent.

Judgment affirmed.