THOMAS LACY, APPELLANT, *v.* SOPHRONIA A. GETMAN, AS EXECUTRIX, ETC., OF JOHN H. McMAHON, DECEASED, RESPONDENT.

*Contract for the rendition of personal services — effect upon the contract, of the death of the employer — when his estate is bound to fulfill it.*

The plaintiff was hired by the defendant's testator to do ordinary farm work, for one year, at $200 a year. Near the middle of the year the employer died. The plaintiff continued to work on the farm, as provided in the contract, until the end of the year. In an action to recover the $200 due under the contract, the executor sought to have the recovery limited to the amount due at the time of the testator's death, claiming that the contract was thereby terminated.
Upon the trial the plaintiff offered to show that he performed the contract after the death of the testator, under the direction of the defendant, the executor:
*Held*, that the court erred in rejecting this evidence, as it tended to show that the defendant elected to enforce, or not to repudiate the contract.
That the defendant, as executor of the employer, was bound by the contract, and could not repudiate it even if he had wished so to do, as the death which terminates a contract is the death of the party by whom alone the contract may be performed, that is, the servant. It is otherwise in those cases in which the death of either party renders performance impossible. (HARDIN, P. J., and BOARDMAN, J.)

APPEAL by the plaintiff from a judgment in his favor, entered upon a verdict as reduced by order of the court, and from the order made by the court reducing the amount of the verdict.

The testator, John H. McMahon, hired the plaintiff, Thomas Lacy, about February 25, 1882, to work for him as a hired servant on his farm for one year, beginning March 1, 1882, for the agreed price of $200. The plaintiff entered upon the service, which was of the usual nature of farm labor, taking care of horses and cows, and doing as directed from day to day, and so continued until July seventeenth of the same year, when his employer, the testator, died. The widow of John H. McMahon took a life estate in the farm under her husband's will, and continued to live there some time after his death, leasing the farm to a stranger before the year for which plaintiff was hired expired. The plaintiff stayed there with the widow, doing work on the farm as before testator's death. The plaintiff, after the expiration of his year, presented a bill for full service to the executor, who rejected it except for the time prior to her testator's decease, and plaintiff then brought this action.

*W. A. Nims*, for the appellant.

*Elon R. Brown*, for the respondent.

BOARDMAN, J.:

Plaintiff hired to defendant's testator for one year at $200, to do ordinary farm work. Near the middle of the year the employer died. Plaintiff continued to work on the farm, as provided by the contract, until the end of the year. This action was brought to recover the $200 under the contract. The defense in effect is that the contract of hiring was terminated by the death of the employer, and that after that event the plaintiff's services were rendered to the widow of the testator, by whose will she took a life estate in the farm. An offer of judgment was made for services until the date of the death of the employer. The evidence shows the hiring, the performance of the labor and services in accordance with the terms of the contract, and the refusal to pay for the services subsequent to the death of Mr. McMahon, the testator.

I am unable to agree with the learned justice who tried the case. The plaintiff seems to me to be clearly entitled to recover for his year's services. Contracts ordinarily bind the executors and administrators of the contracting parties. That is the general rule in

executory agreements.   But in some few cases performance may be excused, as for instance, when performance was prevented by act of law (*Jones* v. *Judd*, 4 N. Y., 411), or where rendered impossible by act of God, and without fault of contracting parties, such as sickness or death of the party contracting to render services, or the death of either contracting parties where skilled personal services are contemplated, as in *Spalding* v. *Rosa* (71 N. Y., 40) ; *People* v. *Globe Insurance Company* (91 id., 179) ; *Martin* v. *Hunt* (1 Allen, 418)

But I find no case in which executors are excused from the performance of the contracts of their testator by reason of his death, where such contracts relate to ordinary hired labor as in this case. They may break the contract and discharge the laborer by paying him such damages as he may suffer.   But when the contract has been fully performed by the servant without objection by the executors, as in this case, the executors can and must perform on their part.   It is not impossible for them to perform, and no reason is apparent why they should not perform as in any other case of an executory contract of their testator.   Nor is it necessary that they should direct a continuance of the servant's services after the death. It is sufficient if, without objection, the services are rendered and the contract performed.

The respondents claim that the death of either party to such a contract operates to end the contract and excuse its performance. This view is not, I think, sustained by the authorities.   It must be the death of the party by whom alone the contract can be performed.   If the servant dies the further performance becomes impossible, and then his representatives may recover for the services performed, full performance being excused.   Such are nearly all the cases cited to sustain this judgment.   (*Wolfe* v. *Howes*, 20 N. Y., 197 ; S. C., 24 Barb., 174 ; *Fahy* v. *North*, 19 id., 341 ; *Clark* v. *Gilbert*, 32 id., 576 ; reversed, 26 N. Y., 279 ; *Spalding* v. *Rosa*, 71 id., 40 ; *Harrington* v. *Fall River Iron Works Co.*, 119 Mass. R., 82 ; *Greene* v. *Linton*, 7 Porter [Ala.], 133.)   In each of these cases, and in others which might be cited, the performance of the contract was prevented by the sickness or death of the servant.   No case is cited where the death of the employer worked a termination of such a contract.   In *People* v. *Globe Insurance Company* (91 N.

Y., 174), the case of the insolvency and dissolution of an insurance company, a contract between it and a general agent is dissolved by the action of the State. It is impossible to perform thereafter. The case of *Farrow* v. *Wilson* (L. R., 4 C. P., 744), as cited by the learned judge at circuit, seems to have come within the principle of skilled or personal services where the death of either party makes performance impossible, as would be the case of the employment of a valet or the indenture of an apprentice to learn a trade.

It is true the language of the text book indicates that the contract would end on the death of either party. (2 Add. on Cont., § 901; Wood on Master and Servant, § 158.) But the authorities cited only go to the case of the death of the servant. But the latter author, at section 95 of the same work, says: "Where the master dies and the servant continues his period of service, and completes it, he may recover the entire sum agreed upon." DEWEY, J., in *Martin* v. *Hunt* (1 Allen, 418), says: "The death of a single promisor is, in general, no revocation of an agreement. If a purchaser orders goods and dies before the time of delivery his executors must receive and pay for the same, although the particular purpose of the purchase was defeated by the death of the purchaser." Parsons, in his work on Contracts (vol. 1, p. 131), says: "Where the contract with the deceased is of an executory nature and the personal representative can fairly and sufficiently execute all that the deceased could have done, he may do so and enforce the contract." Here the defendant had nothing to do but pay when the contract was fulfilled. It was entirely possible; it was excused by no act of the plaintiff, performance by whom was full and complete, without objection or notice from the defendant.

Justice and right seem to me to sustain the verdict for $208, as originally ordered. Hence the reduction of said verdict to eighty dollars and sixty cents, and ordering judgment for that amount, was error. We are all of the opinion that the court erred in rejecting the offer of the plaintiff to show that he performed the contract after the death of the testator, under the direction of the defendant. This was not an offer to prove a new contract, but simply to show that defendant elected to perform, instead of repudiating it, for which reason a new trial should be had.

Judgment is reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., concurred.

FOLLETT, J., concurred in result; ground, that legal evidence of direction by defendant to continue work was rejected. (See *Babcock* v. *Goodrich*, opinion by BOARDMAN and FOLLETT, JJ., September, 1879.)

Judgment and order reversed and new trial ordered, costs to abide the event.