## FISHER v. MONROE et al.

(*City Court of New York, General Term.*   June 12, 1890.)

MASTER AND SERVANT—GROUND FOR DISCHARGE.

> The absence of an actress from a single rehearsal, owing to her physical exhaustion and consequent inability to attend, is not ground for her employers' rescinding her contract of employment.

Appeal from trial term.

Action by Jennie Fisher against Robert B. Monroe and others.  From a judgment entered on a verdict for plaintiff defendants appeal.

Argued before McADAM, C. J., and FITZSIMONS, J.

*W. H. Phelps,* (*Hoover, Sulzer & Foster,* of counsel,) for appellants.   *S. Miller,* for respondent.

PER CURIAM.   We recognize the fact that a party seeking to recover upon a contract must show performance of all the conditions precedent thereof, and that a servant, no matter how exalted the station, must obey the lawful commands of the master. Yet there are legal excuses, which are at times accepted for non-performance, and which save a forfeiture of the right of recovery. The plaintiff was discharged for not attending a rehearsal of the theatrical company to which she was attached, and, if the failure to attend was willful or intentional, the plaintiff was properly discharged, and cannot recover. The defendants proved that the neglect to attend the rehearsal was intentional and inexcusable.   The plaintiff, on the other hand, testified that the failure to attend was owing to physical exhaustion and consequent inability, and this we hold to be a sufficient excuse for the plaintiff's non-attendance at that particular rehearsal.   *Wolfe* v. *Howes,* 20 N. Y. 197; *Spalding* v. *Rosa,* 71 N. Y. 40.   The ailment was only temporary, not permanent; did not seriously interfere with the defendants' enterprise; nor did it disable the plaintiff from rendering full performance of the substantial part of her contract.   This one excused non-attendance (even if attendance at that time was required by the rules of the defendants' company, a fact about which the evidence is not clear) did not furnish ground for rescinding the contract, and terminating the plaintiff's employment.   The theories of the respective parties were submitted to the jury, and they adopted the one advanced by the plaintiff.   The verdict was based upon conflicting evidence, and it was the province of the jury to weigh the proofs, and arrive at a result.   The verdict is satisfactorily sustained by the evidence, and, as we find no error in the rulings at the trial, it follows that the judgment appealed from must be affirmed, with costs.