### FISHER *v.* MONROE *et al.*

*(City Court of New York, General Term.* December 17, 1891.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE OF ACTRESS—EVIDENCE.
    Plaintiff, an actress, asked to be excused from a "final rehearsal" with a new leading lady on Saturday morning for a performance on Monday, on the ground that she was tired and nervous, but was refused, and, failing to attend, was discharged. It appeared that the play could not be properly presented without "final rehearsal" with all the parts, and that plaintiff's fatigue was merely that incident to her profession. *Held,* that plaintiff was not entitled to recover as for a wrongful discharge.

2. SAME—EVIDENCE.
    The court erred in allowing plaintiff to be asked the question whether she had performed all of her contract duties in the premises; that being a question of fact, for the jury.

3 SAME—EXPERT TESTIMONY.
    The court erred in excluding testimony of a manager, offered by defendant, tending to show the necessity of the attendance at "final rehearsal" of a person occupying an important part in the cast; also, in excluding further testimony corroborating that of the manager.

Appeal from trial term.

Action by Jennie Fisher against Robert B. Monroe and another. From a judgment for plaintiff, defendants appeal. Reversed. For former reports, see 11 N. Y. Supp. 207; 12 N. Y. Supp. 273.

Argued before VAN WYCK, FITZSIMONS, and McCARTHY, JJ.

*W. H. Phillips,* for appellants. *S. Miller,* for respondent.

McCARTHY, J. Plaintiff brings an action for breach of a contract by which she was to render services as an actress in the defendants' theatrical company. The contract is set forth on page 4 of case. The action was tried before a jury, with judgment for plaintiff, and appealed to the court of common pleas from a judgment of the general term of the city court affirming the judgment, (11 N. Y. Supp. 207,) and was by the common pleas court reversed, (12 N. Y. Supp. 273,) and new trial granted. The action was tried before the court and a jury in June, and a verdict rendered for $565 in favor of plaintiff. This appeal is from an order denying defendants' motion for a new trial, and from the judgment.

The following facts are not controverted: Plaintiff entered into the performance of the contract. The company were playing at Columbus, Ohio, and while so playing were holding rehearsals, by reason of the engagement of a new leading lady, who was to appear on the following Monday evening for the first time. A rehearsal was called in the usual manner on Friday night, after the performance, for the following (Saturday) morning at 10:30 o'clock. Plaintiff asked to be excused on the ground that she was tired and nervous;

not, however, claiming to be sick. She was not excused; defendants declining to excuse her. This rehearsal was in fact a "final" rehearsal. The fact was generally known throughout the company. A final rehearsal is one where, not only are the lines rendered, but the action of the play is rehearsed as at an actual performance. If the part requires a person to be thrown down, he is grasped and thrown down. Plaintiff did not attend the rehearsal. She did attend a matinee that Saturday afternoon, and after the performance that evening was discharged by defendants for not attending the rehearsal. Plaintiff admits that it is part of the general duty of an actress to attend rehearsals, and it is so understood, and that the piece could not be properly presented till the new leading lady had been rehearsed in her part. It was a rule of defendants, also, and so understood in the company. Defendants have paid plaintiff for her services in full to the date of discharge, and this action is only for damages for the alleged breach growing out of the discharge. Plaintiff denies she knew of any rule requiring her attendance at rehearsal. This was unnecessary, as she knew it was her duty. She denies she knew this was a final rehearsal, though admitting she knew the new leading lady was to commence on the Monday night. Her answers were a practical admission of the fact, and she did not know of any other opportunity to rehearse before then. Plaintiff expressly denied being sick, and at this trial there was no claim of physical exhaustion amounting to sickness. She said she was not sick, but she was very tired. On the contrary, it is admitted by plaintiff it was the ordinary and usual fatigue attending the labors of her profession, and that she had been an actress since she was three years old. It is contended by defendants that the plaintiff was in her usual state of health on the Saturday morning, and that she appeared at breakfast at the usual time, and was there seen by several persons.

On pages 10, fols. 28, 29, the plaintiff was asked these questions, under objection and exception: "*Question.* Had you in the mean time performed your part of the covenant of the contract? *Answer.* Yes, sir. *Q.* Did you perform all the duties called for in the contract on your part? *A.* Yes, sir." This was clearly error. It was for the jury to say, from all the evidence, whether such was the fact. Again, at folio 93, p. 31, a witness was called for the defendants, who testified as follows: "Frank B. Murtha, a witness called on behalf of the defendants, being duly sworn, testified: My business is manager of the Windsor Theater. I have been a theatrical manager pretty near twenty years. The attendance of the full cast is absolutely necessary at the holding of a final rehearsal in order to prepare a company properly to present a piece; and this where we may be rehearsing even the leading man only, or the leading lady. *Question.* And a piece could not be properly staged before the audience before such final rehearsal was held? *Answer.* I should not think so. *Q.* Would you regard the failure of a member of the cast, holding an important part, or being in an important situation, in the play, to attend, as material or immaterial? (Objected to. Objection sustained. Defendants except.) *Q.* Assuming that you were rehearsing a leading lady in her part, or rehearsing so as to perfect her in her part, that you were about to hold a final rehearsal, and that one of the members of the troupe who was cast with her in an important situation failed to attend, would that failure be a material matter, under the circumstances? (Plaintiff's counsel objects. Objection sustained. Defendants except.)" This was error. Among the questions to be ascertained by the jury was: Did the plaintiff, under her contract, violate any rule in regard to attending a rehearsal; and, if so, was such a violation or failure to attend material or immaterial to the proper production of the play?

At folio 100, p. 34, one Rosenquest was called as a witness for the defendants, but his testimony was ruled out as cumulative. No exception having been taken by the appellants, they cannot obtain the benefit of such ruling, even if it was erroneous.

At folio 106, p. 36, defendants' counsel said: "I offer Mr. Murray to corroborate the evidence of Mr. Murtha, and upon the same points. (Excluded. Defendants except.)" This offer was proper, and the evidence should have been allowed. It was important as corroborating the expert testimony of Mr. Murtha upon the question as to whether the plaintiff's absence from the rehearsal, if she was not sick, was material or immaterial in the proper production of the play, and thus whether or not there was a breach of the contract by the plaintiff which gave the defendants the right to discharge. This was a proper question for the jury, and was not cumulative, but corroborative.

For these reasons the judgment should be reversed and new trial granted, with costs to the appellants to abide the event. All concur.