Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Burnham Kalisch, for appellant.
Mulqueen & Mulqueen, for respondent.

FREEDMAN, P. J. The complaint complained for services, work, and labor performed for the defendant's intestate between May 16, 1901, and June 15, 1902. The defendant offered no testimony upon the trial. The testimony of the plaintiff established a cause of action against the estate of the decedent. Services on the part of the plaintiff were shown to have been rendered; promises on the part of the decedent to compensate the plaintiff for such services, and their value, were shown. There was some testimony given from which it might fairly be inferred that the plaintiff had received certain checks from the defendant in payment of at least a portion of the services sued for, and several checks were produced, and identified by the plaintiff as having her indorsement thereon. The amount of these checks was not shown, nor were they introduced in evidence. As the case stood at the close of the case, the complaint should not have been dismissed. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

HECK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. RAILROADS—NEGLIGENCE—DEGREE OF CARE—RULES OF COMPANY—EFFECT.
      The rule of a railroad company requiring its employés to use "great care" to avoid injury does not change the degree of care which. the law requires from the company to a stranger.

2. SAME—INSTRUCTIONS.
      An instruction in an action by an employé of a railroad company for injuries sustained while lawfully in the railroad yards of defendant, another company, by being struck by a switch engine, that it was the duty of defendant to use "great care" in the running of the engine, was erroneous; reasonable care being the measure of defendant's duty.

Appeal from Trial Term, Rensselaer County.

Action by George Heck against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

C. C. Van Kirk, for appellant.
McClellan & Dardess (Lewis E. Griffith, of counsel), for respondent.

SMITH, J. Plaintiff is an employé of the Boston & Albany Railroad Company. While lawfully in the yards of the defendant upon the morning of February 17, 1899, he was struck by the tender of a switch

engine operated by the defendant's employés. The claim of the plaintiff is that this engine proceeded down the track upon which he was employed without warning by whistle, bell, or light, and that he himself was free from contributory negligence. The defendant contends that its employés were free from negligence, and that the accident was caused solely by the negligence of the plaintiff. This being the issue, the court defined the duty which the plaintiff owed to the defendant as follows:

"It was the plaintiff's duty, gentlemen—Mr. George Heck's duty—to use the reasonable care of a reasonably prudent person under the circumstances, which was his duty to look and listen for the approach of any train or engine upon the track at that time. If you find that he did not use such care, and that he was injured as the result of his lack of care, then your verdict will be for the defendant railroad company."

The trial judge thereafter defined the duty which the defendant owed to the plaintiff in these words:

"It was the duty of the defendant, the railway company, and its employés in charge of this engine and tender, to use great care in running this engine and tender, and to give sufficient warning of its approach."

The court thereafter charged:

"If you find that this defendant, the railway company, used such care in the operation of its engine and tender as I have stated to you was necessary, and that it gave sufficient warning of its approach, then you may find in this case a verdict for the defendant."

At the end of the charge the defendant's attorney noted the following exception:

"Mr. Patterson: I except to that part of your honor's charge in which you state it was the duty of the defendant to use great care in the running of this engine and tender—whatever your honor said upon that subject."

We are unable to see why this exception is not fatal to the judgment. It appeared in the evidence that the defendant company had a rule requiring its employés to use great care to avoid injury. The rule, however, which an employer gives to an employé, cannot change the degree of care which the law requires from the employer to a stranger. The duty of the plaintiff was defined to be the reasonable care of a reasonably prudent person, while almost in juxtaposition to this the jury was told that the defendant's duty was to exercise great care for the plaintiff's protection. At no other point in the charge was the jury told that reasonable care was the measure of the defendant's duty, and the inference seems to be irresistible, under the instructions of the court, that a greater degree of care was required from the defendant toward the plaintiff than he was required to exercise in his own behalf. This error was distinctly pointed out in the exception taken by the defendant's counsel, and for it we are of the opinion that the judgment and order must be reversed.

In Leonard v. Brooklyn Heights R. R. Co., 57 App. Div. 125, 67 N. Y. Supp. 985, a charge was sustained which defined the duty of the defendant to exercise "a very high degree of care." This case followed the authority of Koehne v. N. Y. & Q. C. R. Co., 32 App. Div. 419, 52 N. Y. Supp. 1088. But those cases were both of them cases of injuries

to passengers to whom a railroad company owes a greater degree of care than to a stranger.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.