HERMAN J. BEINER, Respondent, *v.* THE NASSAU ELECTRIC
RAILROAD COMPANY, Appellant.

Second Department, April 9, 1920.

Railroads — negligence — collision between trolley car and wagon
driven by plaintiff — sudden illness of motorman — act of God —
evidence not establishing negligence of defendant — erroneous
charge as to degree of care required.

Where in an action to recover for injuries sustained by the plaintiff who, while
driving three wagons attached together, was thrown from his seat by
defendant's trolley car which ran into the rear wagon, it appears that
before the motorman saw the wagons he fell senseless on the floor of his car
so that it ran uncontrolled and with accelerated speed, the sudden illness
of the motorman may be considered an act of God which exculpates the
defendant unless its negligence was a co-operative or concurring cause of
the casualty.

To hold the defendant some notice to it of the physical incompetency of the
motorman must be established, but proof that he had been previously
placed on the sick list and was allowed to return to work at his own request
after an examination by the defendant's head physician is insufficient, it
appearing that he had driven a car for two days preceding the accident
and there being evidence that on the day in question he appeared to be in
good condition.

The burden of establishing the negligence of the defendant was upon the plain-
tiff and the proof aforesaid did not justify a verdict against the defendant.

In such action it was error for the court to charge that the defendant was
required to use a " high degree of care " for it owed only the obligation of
due or ordinary care.

APPEAL by the defendant, The Nassau Electric Railroad
Company, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
Kings on the 16th day of April, 1919, upon the verdict of a
jury for $1,500.

*Harold L. Warner* [*George D. Yeomans* with him on the brief],
for the appellant.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L.
Victor Fleckles* with him on the brief], for the respondent.

JENKS, P. J.:

The plaintiff was driving the first of a line of three wagons
in a city street, when the defendant's electric street surface

passenger car overtook and ran down the third wagon. The impact extended to the first wagon so that the plaintiff was thrown from it and injured. The negligence assigned is careless driving. Issue is joined by general denial.

The undisputed proof is that before the motorman saw the wagons he fell senseless on the floor of his car, and the car, then uncontrolled, ran on with accelerated speed. This collapse of the motorman was not attributable directly to any cause, human or mechanical. Such illness is recognized as an act of God. (*Wolfe* v. *Howes*, 24 Barb. 174; *Fenton* v. *Clark*, 11 Vt. 560; *Robinson* v. *Davison*, L. R. 6 Exch. 269, especially CLEASBY, B.; *People* v. *Manning*, 8 Cow. 297; *Scully* v. *Kirkpatrick*, 79 Penn. St. 324, 332; *Merritt* v. *Earle*, 29 N. Y. 115, 118; *Cormack* v. *N. Y., N. H. & H. R. R. Co.*, 196 id. 446 *et seq.*)

The act of God exculpates the defendant unless defendant's negligence was a co-operative or concurring cause of the casualty. (Cooley Torts [3d ed.], 1349, citing *New Brunswick Steamboat Co.* v. *Tiers*, 24 N. J. L. 697; *Michaels* v. *N. Y. Central R. R. Co.*, 30 N. Y. 564, 571.) The plaintiff sought to establish such negligence by proof that the defendant gave the car in charge of the motorman when the defendant knew that the motorman was incompetent then by illness or sickness. Under the rule of *Chapman* v. *Erie Railway Co.* (55 N. Y. 585) some notice to the defendant of such incompetency was necessary. The learned court charged without exception that there was evidence of such notice.

The unfitness of the motorman for the work at hand could be inferred from his physical condition. (*Rhatigan* v. *Brooklyn Union Gas Co.*, 136 App. Div. 727, 730, and cases cited.) Some days before the casualty the motorman reported to the defendant that he was ill. The defendant thereupon placed the motorman upon its sick list and sent him to its regular physician and to its regular head physician. One of them examined the motorman, prescribed for him and told him to return to his work. On the day of the casualty the motorman reported to the defendant's dispatcher, who gave out work, and asked for work. The dispatcher thereupon gave this car to the motorman, who drove it until his physical collapse. It is undisputed that on the day but one before the day of

the casualty, the motorman had driven a car for 10 hours and on the day before the casualty he had done likewise for 12 hours inclusive of extra time. Of course, these doings were known to the defendant. And the dispatcher testifies that on the day of the casualty the motorman appeared in good condition and asked for work. The motorman (not in the employ of the defendant at the time of trial) testifies that on that morning he made neither statement nor complaint of illness to any one, and that he would not say he was "very sick, but * * * didn't feel well." He testifies that his ailments had been "nausea, * * * headaches and stomach trouble." There is no contention that the medical treatment was negligent, or that the progress of these ailments indicated that after the voluntary doing of full work for two days, continuance on the third day might bring about sudden physical collapse. There is in the record a suggestion to the effect that the defendant's physician thought that the motorman was a malingerer, but even so there is no proof that indicates bad faith or lack of due care or skill in forming this opinion.

The burden to establish the negligence of the defendant was upon the plaintiff. (*Lamb* v. *Camden & Amboy R. R. & T. Co.*, 46 N. Y. 279; *Railroad Co.* v. *Reeves*, 10 Wall. 176, 190.) I think that the proof in this case did not justify the verdict.

The learned court, without exception however, instructed the jury that the defendant was charged with a "high degree of care." I think that this was error. The rule of *Koehne* v. *N. Y. & Queens County R. Co.* (32 App. Div. 419; affd., 165 N. Y. 603) that recognized the obligation of a "high degree of care and skill" did not apply for the reason that there was no contract relation between the plaintiff and the defendant. (*Heck* v. *N. Y. Central & H. R. R. R. Co.*, 94 App. Div. 562.)

The obligation of due care or ordinary care — I refer to these terms as generic — did not involve a "care" towards *this plaintiff* that could be described specifically as "great" or "high" or "very high."

I advise a reversal and a new trial.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment reversed and new trial granted, with costs to abide the event.