Abraham N. Geller, J.
Plaintiff moves for summary judgment and defendant requests summary judgment dismissing the complaint. Both parties agree that there are no issues requiring a trial.
*246 Plaintiff’s decedent sold Ms company to defendant’s predecessor and simultaneously therewith entered into an employment agreement for a period of five years, terminating in 1967, such an agreement not infrequently accompanying a sale of a business in certain fields. A dispute arose almost immediately and arbitration as provided in the agreement was instituted. The award, confirmed by this court and reduced to judgment on May 12, 1964, provided that decedent shall be paid ‘1 a sum equivalent to the unpaid salary, excluding bonus, payable under the employment agreement. This is to be paid in montMy installments over the balance of said employment agreement ”.
Payments were accordingly made at the rate of $2,500 a month up to and including February, 1966. Decedent died in that month and thereafter defendant has refused to make any further payments, contending that the award carried with it the implication that plaintiff’s testator was to be alive at the time payments were required to be made.
There can be no doubt that, had there been no arbitration, salary payable under the employment agreement would have ceased upon death of the employee, as it is well settled that an employment agreement carries with it the implied condition that the employee shall be able to perform and, therefore, his death extinguishes the obligation (see, e.g., Spalding v. Rosa, 71 N. Y. 40, 44).
The question, then, is whether as the result of the nature of the transaction and dispute here involved, the arbitration proceedings, the award and the judgment confirming it, this implied condition of employee’s ability to perform and consequent extinguishment of obligation upon death were eliminated.
Analysis of the transaction, arbitration proceedings and award indicates that the condition of decedent’s performance was, indeed, eliminated.
Decedent’s demand for arbitration requested performance of the terms of the employment agreement, determination of ' employer’s default and damages. Decedent claimed in the arbitration proceedings that the employer had prevented bim from performing Ms duties. At the conclusion of the hearings he requested specific performance of the employment agreement with reinstatement of positions and duties; an award of the full amount of Ms salary for the unexpired period; and damages. The award disallowed all claims and counterclaims (other than a 1962 bonus) except a sum to claimant equivalent to the unpaid, salary payable under the employment agreement. Then fol *247 lowed the provision that payment of such sum be made in monthly installments.
Since the employer’s position was that decedent had failed to perform the terms of the agreement and that it would not reinstate him in position and duties, the arbitrators in finding the employer at fault awarded to claimant as a definite and fixed sum the equivalent of the unpaid salary under the agreement, payable for convenience in installments as well as, evidently, because of a noncompetition provision in the agreement incorporated in the award.
It is clear that the condition of claimant’s availability for performance of sources no longer obtained. The agreement provided that if the employee resigned or his employment was discontinued, he would not enter the employ of competitive interests for a period of three years from date of resignation or discontinuance of employment. The award provided that claimant shall not compete with employer for a period of three years from September 12,1962, which was conceded at the arbitration hearings to be the cutoff date or discontinuance in fact of claimant’s employment. The award, then, was based on the acceptance of the position of the employer that claimant’s employment had been discontinued and that it did not wish to avail itself of his services, but, nevertheless, the arbitrators, finding that the employer was to blame, awarded the unpaid salary under the agreement to claimant. Thus, claimant was immediately free to enter into an employment agreement with any noncompetitive firm and, after September 12,1965, with a competitive firm. The payments under the award were directed to be made without reference to claimant’s availability for employment by this employer and irrespective of his employment by others.
Moreover, the employer’s practice indicates that it itself concurred in this view. Up to the time of the arbitration award it deducted withholding and social security taxes, treating claimant as an employee. Thereafter it made no such deductions, evidencing its understanding that he was no longer its employee.
There being under these special circumstances no implied condition of ability to work for the employer, the obligation to pay the sums due under the judgment confirming the arbitrator’s award was not extinguished upon death. Plaintiff’s motion is accordingly granted.