■ JOHN R. COOPER, Respondent, v RAFIL A. DHAFIR et al., Appellants. [621 NYS2d 200] —Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Tait, Jr., J.), entered March 7, 1994 in Madison County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff, a physician, entered into an employment contract with defendant Rafil A. Dhafir, president and principal shareholder of defendant Madison County Medical Care, P. C. By the terms of the contract relevant to this appeal, plaintiff agreed to render services as a general practitioner, in exchange for which he would receive $6,000 per month for the first three months, and 35% of the net revenue his services generated thereafter. The agreement was to govern the parties' relationship for one year, unless sooner terminated by plaintiff's death, the loss or forfeiture of his medical license, or by either party upon 90 days' written notice.

Several months later, when Dhafir began to notice that plaintiff's forgetfulness was affecting his ability to care for patients and keep accurate records, plaintiff, at Dhafir's behest, submitted to a neurological examination. On receiving the examining physician's report, which recommended that plaintiff not engage in patient care pending the outcome of further tests, Dhafir terminated plaintiff's employment, without pay, effective immediately. Plaintiff thereupon brought this action to recover damages for breach of the employment contract, claiming that he had been improperly terminated, for defendants had not first given him the requisite 90 days' notice. Plaintiff's motion for summary judgment was granted, and defendants appeal.

Although none of the stated contractual grounds for termination was satisfied, plaintiff's motion should nevertheless have been denied for the contract, being one for the performance of personal services requiring skill and judgment, must, in the absence of express language to the contrary, be considered to be implicitly conditioned upon the continued ability of the party who is to perform those services to do so *(see, Spalding v Rosa,* 71 NY 40, 44; *Strader v Collins,* 280 App Div 582, 586; 22 NY Jur 2d, Contracts, § 349, at 236-237). And, while the agreement provides for termination in the event of death or disablement occasioned by loss or forfeiture of plaintiff's license, there is no indication that the parties contemplated what would occur if plaintiff was afflicted with a

long-term, debilitating illness such as that from which he appears to suffer *(see, Fahey v Kennedy,* 230 App Div 156, 157). Since the evidence submitted by defendants, including Dhafir's sworn testimony regarding his own observations of plaintiff's behavior, along with the unsworn reports of several other physicians, at least raises a question as to whether plaintiff's illness rendered him incapable of effectively rendering service as a physician for general practice, summary judgment in favor of plaintiff was improper.

That defendants have consistently based their arguments on the theory that plaintiff's illness and assertedly consequent inability to practice medicine amounted to a constructive loss of his medical license, a proposition which we find unconvincing, does not foreclose us from concluding that summary judgment is inappropriate, for, as we have previously noted, the facts alleged by defendants are nevertheless sufficient to establish a meritorious defense on another theory *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182).

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.