NATHANIEL GALLUP, Respondent, *v.* THE ALBANY RAILWAY
COMPANY, Appellant.

Where, in consequence of a change of grade in a city street, access to
demised premises adjoining the street is rendered inconvenient, and the
tenant is thereby discommoded and injured, in the absence of any cove-
nant in the lease, protecting him from such injury, it is no defence to
and cannot be set up as a counter-claim in an action to recover rent.

If the injury complained of results from an act done in the lawful exercise
of the authority of the municipal corporation, and in a proper manner,
it is immaterial that it was done by the landlord himself, under a statu-
tory provision authorizing the owner, in such case, to do the work.

If the work is done by the landlord in a negligent manner, to the injury
of the tenant, the remedy of the latter is not in a refusal to pay the rent.

(Argued September 24, 1874; decided January Term, 1875.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, affirming a judgment
in favor of plaintiff entered upon the report of a referee.

This action was brought to recover the amount paid by plain-
tiff for taxes and water rates assessed upon certain premises

owned by him in the city of Albany, and leased by him to the defendant, which, by the lease, defendant agreed to pay.

The answer set up an eviction by the plaintiff, and as a defence or counter-claim, damages by reason of the alleged interference of plaintiff with defendant's possession.

The referee found in substance as follows : That, on the 9th of April, 1868, the plaintiff executed to defendant a lease of certain premises on Swan street, in the city of Albany, for the term of two years, from the 1st of May, 1868, the defendant agreeing to pay therefor an annual rent specified, and the ordinary taxes and water rates of the said premises, and the necessary repairs and alterations thereof. That the defendant ran a street railway in State and Washington streets, in said city, and on the execution and delivery of the lease, entered into the occupation of the premises, using the same for workshops, stables and stable yard. That, prior to the lease, the defendant had occupied the premises for the same purposes, and had constructed a branch track from their main road on Washington street along Swan street, to the front of the demised premises, and from thence curving into the same, over a wooden bridge, which the defendant constructed over the gutter next to the sidewalk; thence across the sidewalk, and by means of said branch track the defendant was enabled to move its cars into or upon the premises aforesaid. That, on the 7th of September, 1868, the mayor, aldermen and commonalty of the said city of Albany, by an ordinance of that date, ordered and enacted that the city superintendent cause Swan street to be excavated, graded, repaved, recurbed and reflagged, and the expense to be assessed upon the owners of property benefited. That the street superintendent took proceedings in accordance with said ordinance, and advertised for proposals to do the work required. That notice was given to said superintendent by the plaintiff, that he would himself do the work required in front of his premises ; that, by his agents, he began and prosecuted the work with proper diligence, under the circumstances, to its completion, and it was performed according to the requirements of the ordinance, except in a single particular, in which it was varied

therefrom for the accommodation of the defendant in respect to its occupancy of said premises. That, in the performançe of said work, it was necessary to excavate and lower the grade of Swan street, along the entire front thereon of the said demised premises, to the extent of from six to eight feet; and that it was also necessary to remove the track and curved track of the defendant; that the plaintiff applied to the defendant to remove the track, but the latter refused to do so, and protested against any disturbance thereof or of his possession of the said premises ; and that the plaintiff, after such refusal and protest, caused the removal of the said track in carrying out the provisions of the said ordinance. That, by reason of the said grading and excavations, the defendant was greatly inconvenienced in the use of the premises so demised to him, and was obliged to abandon the entrance on Swan street, and the use of a car-house for the storage of its cars, and to build a new one and to construct a new track to another and different entrance to the demised premises, and to make other alterations in and upon said premises. That the value of the use of the premises to the defendant was impaired by the alterations in the street. That the city superintendent acted, in accepting the performance of said work by the plaintiff, pursuant to ordinances of the city of Albany then in force, and in force also at the date of the lease.

*Samuel Hand* for the appellant. Plaintiff could not claim rent during the time defendant was deprived of the use of the demised premises. (Laws 1860, chap. 345, p. 592 ; *Peck* v. *Hiler,* 24 Barb., 178; *Christopher* v. *Austin,* 1 Kern., 216 ; *Dyett* v. *Pendleton,* 8 Cow., 927 ; *Edgerton* v. *Paige,* 20 N. Y., 381 ; *Cohen* v. *Dupont,* 1 Sandf., 260 ; *Lounsbery* v. *Snyder,* 31 N. Y., 514 ; *Rogers* v. *Ostrom,* 35 Barb., 523.) Defendant's damages were a proper counter-claim against the rent. (*Blair* v. *Caxton,* 18 N. Y., 529 ; *Kelsey* v. *Ward,* 38 id., 83 ; *Staples* v. *Anderson,* 3 Robt., 327.) Defendant could claim damages, although they were not caused by any act of the landlord, but by a title paramount. (*Moffat* v. *Strong,* 9 Bosw.,

57; 18 N. Y., 529.) A covenant by the lessor is always implied in every lease to defend the lessee in quiet enjoyment of the premises against all persons whatsoever. (*Mack* v. *Patchin*, 42 N. Y., 167.)

*G. L. Stedman* for the respondent. Plaintiff had a cause of action against defendant. (*Legeman* v. *Kloppenburg*, 2 E. D. S., 126; Laws 1858, chap. 86, § 37, p. 133.) Defendant's damages constituted no counter-claim or defence. (*Edgerton* v. *Page*, 20 N. Y., 281; Laws 1842, pp. 343, 348, §§ 29, 45.) Plaintiff and defendant contracted with reference to the powers of the city to alter the grade and the consequences flowing therefrom. (*Folts* v. *Huntley*, 7 Wend., 210; Laws 1864, chap. 183.)

REYNOLDS, C. As a part of the rent for the demised premises, the defendant agreed to pay the "ordinary taxes and water rates," and this it did not do, after due admonition, and the plaintiff being personally liable, was compelled by legal process to pay the taxes for 1868, and the water rates for 1869, with the usual costs and expenses, and to recover the amount thus paid this action is brought. The substantial defence is, that the defendant was evicted either by the plaintiff or by title paramount, and depends substantially upon the following facts: The demised premises are located within the corporate limits of the city of Albany. The defendant was the owner of and operated a street railway by horse power, in State street and Washington avenue, in Albany, and occupied the premises for workshops, stables and yards for cars, horses, provender and commodities appropriate to its business. The defendant had, prior to the demise in question, occupied the premises for its purposes, and had, by various appliances, contrived to get its cars from Swan street upon the premises when inclined so to do, for storage or otherwise. In this condition of things, it may be assumed that the uninterrupted occupation of the premises, and the approaches from the street, was a thing devoutly desired by the defendant. It happened, however, that the

corporation of the city of Albany, in the exercise of an unchallenged authority, directed a change in the grade of Swan street, in front of the demised premises, and it is undenied that in the execution of this authority the defendant was, to a considerable degree, discommoded in the use of the premises. This did not result, however, from the dispossession of the defendant from any part of the premises demised, but from the difficulty of ingress and egress resulting from the alteration of the grade of the street in front of the premises. The defendant, previous to the present demise, had operated its railway in Swan street, with the consent of the common council, and was doubtless obliged to conform its tracks to the grade of the street, no matter how often altered by the city authorities, and if the owners of property, bounded on the street, must suffer with others in like condition, all the inconveniences which ordinarily attend municipal improvements of the character disclosed in the case, it must, I think, be assumed that the contract in question was made with reference to such a possible contingency which did in fact occur. (*Folts* v. *Huntley*, 7 Wend., 210.) And there being no covenant by the plaintiff to protect the defendant from injury occasioned by act of the city, I do not see how the defendant can claim any abatement from the rent agreed to be paid by the terms of the lease. It seems to be very clear that there was no eviction, or any thing bearing much resemblance to it, because there was no deprivation of the defendant in the occupation of the premises, or any part thereof, during the term. The injury complained of resulted from a lawful act of the city, done, so far as appears, in a proper manner, and it can make no difference that under a provision of the law, the work ordered by the city was done by the plaintiff or under his direction, or by contractors appointed or employed by the city at his expense. If, as is alleged, the work was done in a negligent manner, the remedy is not in a refusal to pay the rent agreed upon in the lease.

If the foregoing views are correct, it does not appear material to consider any other question. The defence rests upon the allegation that the injuries sustained resulted from the

wrongful act of the plaintiff, which we do not find to be the fact, and if not the fact, the defence has no foundation in any form, unless there may be some claim for damage for negligence.

The judgment must be affirmed.

All concur.

Judgment affirmed.