New York Marine Court.

*Trial Term, February,* 1876.

## CHRISTIAN ACHLERS *against* VALENTINE REHLENGER.

Unsafe building taken down by the department of buildings.
Effect thereof upon tenant under covenant to keep in repair.

McADAM, J.—The building upon the demised premises was taken down by the department of buildings, not in consequence of any sudden and unexpected action of the elements or other like cause, but in consequence of the gradual deterioration and decay common in ancient structures. Under such circumstances, the act of 1860 (chapter 345), has no application (Suydam *v.* Jackson, 54 *N. Y.* 450 ; Hatch *v.* Stamper, *N. Y. Weekly Digest*, vol. 2, p. 42). The tenant, having hired a dilapidated house, without exacting any assurance from the landlord, took it for better or for worse, and cannot relieve himself by the action of the department of buildings ; indeed, the tenant expressly covenanted that he would keep the premises in good repair

at his own expense; and under a covenant to "keep" in repair, if to keep in repair it is necessary that the premises should first be put in repair, the covenantor is bound to perform that duty (Myers *v.* Briggs, 35 *N. Y.* at pp. 271, 272; Ward *v.* Kelsey, 38 *Id.* 80; Payne *v.* Haine, 16 *M. & W.* 541). So that whether the action of the department of buildings was justified by the natural dilapidation of the building or in consequence of want of repairs thereto, the same result follows. In Hall *v.* Woodman, 2 *Shep.* (14 *Maine*) 38, it appeared that a wharf had been leased, and that before the entry of the tenant a large portion of it was destroyed by natural decay, of which the lessee gave notice to the landlord, requesting him to repair; the landlord neglected to repair, and the lessee then refused to enter or pay rent, and it was held that the lessee was liable. The landlord in the present case was under no obligation either to repair (Witty *v.* Mathews, 52 *N. Y.* 512) or to rebuild (Doupe *v.* Genin, 45 *N. Y.* 119). On the contrary the authorities and text writers agree that under an express covenant to repair, the obligation to rebuild (except where the house falls merely from natural decay), is upon the tenant (Beach *v.* Crain, 2 *N. Y.* 86; *Taylor's L. and T.* § 357; *Gibbons on Dilapidations*, 2 Ed. 154, 155, 162); and BROOM, in his *Legal Maxims* (7 Am. Ed. 233), lays it down as a fundamental principle of the common law, that "Where there is a general covenant by the lessee to repair, and leave repaired at the end of the term, the lessee is clearly liable to rebuild in case of the destruction of the premises by accidental fire, or by any other unavoidable contingency—as lightning or an extraordinary flood; and the principle upon which this rule depends is, that if a party, by his own contract, creates a duty or a charge upon himself, he is bound to make it good, if he can, notwithstanding any accident by inevitable necessity; for if he had chosen to guard

against any loss of this kind, he should have introduced it into the contract by way of exception '' (See also 11 *N. Y.* at p. 30 ; 12 *Wend.* 589 ; 19 *Johns.* 69).

The act of the department of buildings, though lawful as an exercise of one of its legitimate powers, is not an eviction by title paramount, within the meaning or spirit of the term. It was not inconsistent with, but entirely independent of, a perfect right and title in the plaintiff to demise the premises (Foltz *v.* Huntley, 7 *Wend.* 215, 216). The department of buildings had no title to the building demised, either paramount or subordinate to that of the plaintiff, and its act is justified only by the fact that it was judicially declared to be the only means of securing the public from what its officers supposed to be an imminent danger to life and limb. In other words, the building had become so much dilapidated as to become unsafe, and to call for the official action of the department as a measure of prudence and safety.

The landlord's covenant of quiet enjoyment of the premises demised, only goes to the extent of engaging that the landlord has a good title, and can give a free, unincumbered lease of the premises for the term demised (Weeks *v.* Bowerman, 1 *Daly*, 100 ; Johnson *v.* Oppenheimer, 34 *N. Y. Superior Ct.* 416, 428, affirmed in 55 *N. Y.* 280 ; 3 *Duer*, 464 ; 3 *Hill*, 330). There is no legal reason, therefore, which excuses the tenant from the performance of his covenant.

The defendant, who is the surety for the tenant, is liable in like manner and to the same extent. The direction at the trial term to find for the plaintiff for the amount claimed and interest was correct, and the motion for a new trial upon the minutes will therefore be denied.

Where, in consequence of a change of grade in a city street, access

to demised premises adjoining the street is rendered inconvenient, and the tenant is thereby discommoded and injured, in the absence of any covenant in the lease, protecting him from such injury, it is no defense to, and cannot be set up as a counter-claim in an action to recover rent. If the injury complained of results from an act done in the lawful exercise of the authority of the municipal corporation, and in a proper manner, it is immaterial that it was done by the landlord himself, under a statutory provision authorizing the owner, in such case, to do the work. If the work is done by the landlord in a negligent manner, to the injury of the tenant, the remedy of the latter is not in a refusal to pay the rent (Gallup v. Albany Railway Co. 65 *N. Y.* 1).