### BAYLIES v. PHILADELPHIA & R. COAL & IRON CO.

(Common Pleas of New York City and County, General Term. June 2, 1890.)

LANDLORD AND TENANT—ACTION FOR RENT—EVICTION OF TENANT.

In an action for rent reserved in a lease the defense that defendant was evicted by a third person from a right of way to the North river from the leased premises, which was appurtenant to the lease, is not established, where it appears that

the premises were not bounded by the river, and that the only communication with the river was over other property which did not abut thereon, and which defendant held under a lease from another person.

Appeal from special term.

Action by Nathalie E. Baylies against the Philadelphia & Reading Coal & Iron Company. The court directed a verdict for plaintiff, and a motion for a new trial was overruled, from which defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*William J. Kelley*, for appellant. *Edmund L. Baylies*, for respondent.

BOOKSTAVER, J. The complaint alleges a cause of action for three months' rent which it is charged is due from defendant as the assignee of a lease made in 1873 covering six lots on Twenty-Ninth street. The answer denied that the leased premises are fully set forth in the complaint, admits the original letting, but denies that the covenants of the lease are binding upon the de-defendant, and also avers that the defendant has not been in the possession of the premises leased, for the reason that a right of way to the North river was appurtenant to said lease, which was an element of value, and a consideration inducing to the assignment of the lease, and that there was an eviction of the defendant from a part of the demised premises by the department of docks, under an act of the legislature by which the department laid out and constructed an exterior street outside of these premises in such manner as to destroy the water approach aforesaid. From the evidence it appears that the lots in question were not at any time during the lease bounded by the North river, and that the only communication between these lots and that river was over certain other lots on Twenty-Eighth street which did not abut thereon, and were in the possession of the defendant under a lease from other parties. Consequently the right of way was not dependent upon the lease in question, but upon another lease by other parties. The defendant, having alleged the existence of the right of way, is bound to prove it; and no proof sufficient to warrant the submission of the case to the jury was offered by the defendant. But, even if it had succeeded in establishing that it obtained from the lease a right of way to the water over the lots in question, it is not shown that the plaintiff was in any way responsible for the interference therewith, and therefore the right of way could not be used as a defense in the action by the plaintiff to recover the rent. *Gallup* v. *Railroad Co.*, 65 N. Y. 1. The verdict, therefore, was properly directed for the plaintiff; and the judgment should be affirmed, with costs.