(73 Misc. Rep. 423.)

### DUHAIN v. MERMOD, JACCARD & KING JEWELRY CO.

(Supreme Court, Trial Term, New York County.    August 29, 1911.)

1. LANDLORD AND TENANT (§ 189\*)—EVICTION BY LEGAL AUTHORITY.

Where the lease of a storeroom connected with the street by a stoop did not expressly warrant against interference with the entrance by removal of the stoop, its removal by the landlord pursuant to orders of the city, exercised in widening the street, did not release the tenant from paying rent, though it might possibly afford a basis for apportionment in a proper case if it were asked.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 189.\*]

2. LANDLORD AND TENANT (§ 176\*)—EVICTION—PARTIAL EVICTION—CHANGE OF PREMISES.

After plaintiff leased a storeroom, he was compelled by the city to remove a stoop which led to the first floor of the building from the street, thereby necessitating a change of entrance to the storeroom, and to do so a door was placed so as to give convenient access, cutting a small triangle from the body of the room and taking about a foot off of its frontage, but the removal of the stoop enlarged the display surface, and the area of the storeroom was increased by the removal of partitions, so that the room was more valuable after the alterations than before.   *Held*, that the change in the storeroom, by taking a small part thereof so as to make an entrance, was not a partial eviction of the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 711; Dec. Dig. § 176.\*]

Action by Louis A. Duhain against the Mermod, Jaccard & King Jewelry Company.   Judgment for plaintiff.

Henry W. Unger, for plaintiff.

Russell, Collins & Miers, for defendant.

GIEGERICH, J.   On the 10th day of June, 1905, the plaintiff, by a written lease, let to the defendant a small store on the northerly side in the basement of the building known as No. 400 Fifth avenue, in the city of New York, such store being known as a "stoop store," for a term of four years, ten months, and twenty days, beginning June 10, 1905, and ending May 1, 1910, at a rent of $2,200 per annum for the first year ten months and twenty days, and for the three remaining years of the term at a rent of $2,400 per annum.   The defendant entered into possession and continued in possession of the premises until the expiration of the term, but has not paid any rent for the last three-quarters of the term, and this action is brought for such unpaid rent, amounting to $1,800, and interest amounting to $153.

The building in which the store in question was located had originally been what was known as a "high stoop" private residence, the first or lower floor of which, known as the basement, was beneath the level of Fifth avenue, on which it fronted, and the stoop store in question was located in that part of the building which had formerly constituted the basement hallway, the dimensions of the store within the building being 22 feet deep and about 7½ feet wide.   Appurte-

nant to the premises was a stoop or flight of steps which commenced on Fifth avenue, about 14 feet from the house line and extended to the house line, being connected with the house at a height of not more than 7 feet above the street level on Fifth avenue. This stoop was used and intended to be used as an approach and means of access directly from the street to the first floor of the building above the basement floor, and the only means of access to the stoop store from Fifth avenue was to descend from the street to the south of this stoop and proceed towards the house line of the building, a distance of about 14 feet along a sunken areaway in front of the building, and then to turn northward into an opening under the stoop, which opening was under the highest part of the stoop and immediately adjoining the house line. The under portion of this stoop was completely inclosed, and had glass windows both on the north and south sides, which windows and the space back of them were used for display purposes and had been so used without any objection from the public authorities of the city of New York for upwards of 20 years prior to the making of the lease.

In April, 1908, the board of estimate and apportionment of the city of New York, in the exercise of authority vested in it, directed that the width of the carriageway and the sidewalks in Fifth avenue for a number of blocks north and south, including the block in which the property in question was located, be made wider, and also directed the removal of all incumbrances and encroachments interfering with the process of so widening the carriageway and sidewalks. After making diligent but unsuccessful efforts to procure a delay in the enforcement of this requirement with respect to the premises in question, the plaintiff complied with the requirements of the city authorities and removed the portion of the premises which encroached upon the street and put in a new store front for the store in question on the building line. In order to save the frontage of the store for display purposes an entrance in the form of a small open vestibule was constructed between the store in question and the next store on the south, the space for such vestibule being taken almost entirely from the store on the south, and out of this entrance a door was placed leading northward into the store in question, such door being set slightly aslant so that it formed the hypothenuse of a right-angled triangle, the other two sides being, one a line about a foot long on the street frontage and the other being a line about two feet long measured back on the side line. The defense is that there was an actual partial eviction by the act of the landlord, and consequently that rent for the entire premises was suspended during the period of such partial eviction. Christopher v. Austin, 11 N. Y. 216.

[1] So far as concerns the removal of the stoop which formed an encroachment in the street, that having been removed by virtue of the superior title of the city, and there being no express warranty against the exercise by the city of its power to remove or direct the incumbrance to be removed, the act of the city authorities in directing the removal of such incumbrance did not exonerate the tenant from paying rent (Gallup v. Albany R. R., 65 N. Y. 1, 5), although, perhaps,

it might be a basis of apportionment in a proper case if an apportionment were asked, which is not done here, and the fact that the incumbrance was removed by the landlord instead of his waiting until the city removed it does not affect the situation (Gallup v. Albany R. R., supra; Campbell v. Porter, 46 App. Div. 628, 61 N. Y. Supp. 712).

[2] It remains to consider whether the fact that a small triangle of the premises thrown by the arrangement of the new doorway into an entrance, instead of being left in the body of the store, constituted an actual partial eviction, with the consequent suspension of the rent of the whole premises. In this connection it should be mentioned that there was testimony, which I credited, that the value of the store after the alterations and with the stoop removed was greater than the value in its original condition, owing largely to the fact that there was much more convenient access. After the removal of the stoop through which the former entrance to the store led it was necessary for the landlord to provide a new entrance. If he had made such an entrance through the front of the store, the door would have occupied a large portion of the frontage, which was very valuable for display purposes. Instead of that, a door was put in at such an angle as to cut off as little as possible of the frontage and at the same time give convenient and obvious access. It was proven, furthermore, that the superficial area of the portion of the store within the building line was increased by the alterations owing to the removal of some walls, and it was also proven that the store was more valuable in its altered condition than in its original condition. So far as the entrance is concerned, the tenant was given an entrance with the sacrifice of the least possible space, both of frontage and of area, receiving the benefit for the purpose of access to his store of considerable space that was taken out of the next store to the south. The space that was taken from his store, being about a foot in frontage and extending back to a point about three feet in the rear, was so small that it might be disregarded under the maxim, "De minimis non curat lex," but I do not think it is necessary to rest the decision upon that principle, because such slight space as was taken from his store proper was devoted to his own use as an entrance, and, as above shown, was advantageously adapted to the situation and needs of the store. There should be judgment for the plaintiff, with costs.

Let proposed findings be exchanged and submitted upon two days' notice, together with any memoranda relating to their settlement which the parties may choose to submit.