THE CITY OF UTICA, Appellant, *v.* TONY HANNA, Respondent.

Fourth Department, June 30, 1922.

Municipal corporations — zoning ordinances — ordinance applicable to certain street invalid which is not made " in accord with a well considered plan " for zoning city — ordinance invalid which permits erection of prohibited buildings on consent of property owners — General City Law, § 20, subd. 25, construed and applied.

A zoning ordinance is invalid, and not within the power delegated by subdivision 25 of section 20 of the General City Law, which applies *only to a small part of a single street* in a city and is not adopted "in accord with a well considered plan " for zoning the city.

Furthermore, a zoning ordinance is invalid which permits the construction of the prohibited buildings with the consent of the property owners fronting on the street within a specified distance of the proposed construction. The general welfare of the municipality as a whole must be the guiding factor.

APPEAL by the plaintiff, The City of Utica, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 29th day of November, 1921, upon the decision of the court rendered after a trial at the Oneida Special Term dismissing the complaint upon the merits and vacating a restraining order theretofore granted.

*Henry D. Williams, Corporation Counsel* [*Arthur N. Gleason* of counsel], for the appellant.

*H. C. Sholes,* for the respondent.

SEARS, J.:

In the month of November, 1920, upon the application of the defendant, the superintendent of the bureau of buildings of the city of Utica, the plaintiff, issued to the defendant permits to place on a certain lot on the northerly side of Pleasant street in the city of Utica a 1,000-gallon gasoline tank and a frame building designed for a gasoline service station. The permits were conditioned upon the demolition of a building then existing upon the lot. During November and December the old building was demolished and the tank installed and gasoline was sold from it to operators of motor vehicles. Work was then discontinued until March, 1921, when the defendant constructed the foundation for the building.

On February 16, 1921, the common council of the city of Utica adopted an ordinance, known as Ordinance No. 50, of 1921, which contained the following provisions:

" That Pleasant Street, in the City of Utica, from Genesee Street to Mohawk Street, on the northerly side thereof, is hereby declared to be a residential district, and the erection or maintenance of public garages, manufactories or mercantile establishments within said residential district is hereby strictly prohibited and declared to be a nuisance.

" That no permit for the erection hereafter of any such garage, manufactory or mercantile establishment shall be issued or granted, without the duly acknowledged written consent of the owners of property fronting on said Pleasant Street, within 400 feet on either side of the garage, manufactory or mercantile establishment for which the permit is sought."

The defendant's premises are on the northerly side of Pleasant street within the location mentioned in this ordinance. On April fifteenth the defendant was given notice to stop work on his building because of the adoption of the ordinance, and to remove the gasoline tank and station from the premises. The plaintiff thereafter brought this action to have the structures erected by the defendant on the lot removed as a nuisance and to enjoin the defendant from violating the terms of the ordinance. The learned trial justice, in my opinion, properly dismissed the complaint upon the merits on the ground that the ordinance quoted above was invalid.

There is no longer question about the power of the Legislature to authorize the adoption of general zoning ordinances in cities. (*Lincoln Trust Co.* v. *Williams Building Corporation*, 229 N. Y. 313.) This power is now delegated to municipalities by subdivision 25 of section 20 of the General City Law (as added by Laws of 1913, chap. 247, and Laws of 1917, chap. 483) in the following words: " To regulate and restrict the location of trades and industries and the location of buildings, designed for specified uses, and

for said purposes to divide the city into districts and to prescribe for each such district the trades and industries that shall be excluded or subjected to special regulation and the uses for which buildings may not be erected or altered. Such regulations shall be designed to promote the public health, safety and general welfare and shall be made with reasonable consideration, among other things, to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the direction of building development, in accord with a well considered plan."

The general grant of power contained in the first sentence is modified by the second sentence. While the city is the public authority to which the Legislature has delegated the power to determine whether or not such restrictions are to be imposed and as to the character and extent of such restrictions, nevertheless the power has its limitation and the statute itself sets forth guides by which the municipality is bound. Within reasonable limits the common council of the city of Utica in this case was empowered to determine whether the regulative and restrictive provisions of a general plan would promote the public health, safety or general welfare with reasonable consideration to the character of the district, the peculiar suitability for particular uses, the conservation of property values and the direction of city improvement. Undoubtedly the grant of power should be liberally construed and the discretion of the municipal authorities allowed a wide but not limitless latitude. But if an ordinance has no relation to any such consideration and is not in accordance with a considered plan, the delegated authority is not sufficient to sustain it.

The ordinance in question in this action was adopted as a third, independent, so-called residential ordinance with reference, so far as the record shows, to no plan whatever. The three ordinances together are applicable to parts of but three streets. Where, as here, there has been no attempt to adopt a definite policy, a sporadic regulation such as this does not fall within the delegated power.

The provision of the ordinance which provides for exemption from the restrictions in case of the consent of a limited number of adjoining property owners demonstrates that this ordinance is not within the limits of the power granted. Such exceptions would manifestly be inconsistent with enforcement of any adopted plan which the city was carrying out. The clause allowing such exception amounts to a delegation by the municipal authorities to the property owners of the power to exempt themselves from the regulations determined under legislative sanction by the city authorities to be beneficial to the welfare of the city. The property owners within any restricted area are not the persons solely or

even principally to be considered. The general welfare of the municipality as a whole must be the guiding factor.

The general provisions of sections 19 and 20 of the General City Law (as added by Laws of 1913, chap. 247) granting power to the municipality to manage its own affairs do not authorize the adoption of such an ordinance especially in view of the distinct but circumscribed delegation of power contained in the 25th subdivision of section 20. Unquestionably limitations of the use of private property in cities, for purposes of health and safety, may be made without other legislative authorization than that contained in the general provisions usual in city charters. The ordinance here in question goes far beyond these. The use to be made of the property of the defendant was unquestionably a lawful use and in no sense a nuisance. The objection to it has an æsthetic basis merely. Beautification of our cities deserves encouragement, but measures looking toward beautification must be the result of careful study of the interests of all persons affected so that the total operation of such measures will surely result in gain to the city as a whole. It was doubtless this thought which led the Legislature to require the zoning ordinances to follow a well-considered plan.

It may very well be that a well-considered plan for the city of Utica will designate Pleasant street, which is adjacent to an extensive and beautiful park, as an exclusively residential section, but until some general plan is adopted, it will be best to allow development to proceed without such regulation as is here attempted.

The judgment should be affirmed, with costs.

All concur; KRUSE, P. J., in result only, upon the ground that even if the ordinance was valid, it does not apply to a case like this, where a permit has been granted and the building is in process of construction; DAVIS, J., concurs in result only.

Judgment affirmed, with costs.