In the Matter of the Application of ARTHUR B. HEADLEY, Petitioner, for an Order of Mandamus against SIMON J. FENNELL, Superintendent of Buildings of the City of Rochester, and Another, Respondents.

Supreme Court, Monroe County, October 10, 1924.

**Municipal corporations — zoning ordinances — application for alternative order of mandamus to compel superintendent of city planning of city of Rochester to issue permit for erection of apartment house in residential zone — petitioner, having failed to apply to said superintendent for exception to Zoning Rules, only entitled to raise question of legality of zoning regulations — Rochester City Charter (Laws of 1907, chap. 755), §§ 291, 292, and art. 5, § 4, subd. k, of Zoning Rules prohibiting erection of apartment houses in residential district are constitutional and valid — petition insufficient in law.**

A petitioner, upon a motion for an alternative order of mandamus to compel the superintendent of city planning of the city of Rochester to issue a permit for

the erection of an apartment house in a residential zone in said city, having failed to apply to the said superintendent for an exception to the Zoning Rules of said city, is not entitled to raise the question of his right to have a particular apartment house excepted from the Zoning Rules, and consequently his motion should be denied, since to review the action of the said superintendent would be premature.

Said petitioner is only entitled to raise the question of the legality of the zoning legislation so far as it prohibits the erection of apartment houses generally in the residential section in question, and his petition having raised no question of fact, is insufficient as a matter of law.

Moreover, the city of Rochester, pursuant to the provisions of sections 291 and 292 of the Rochester City Charter (Laws of 1907, chap. 755, as amd.), and article 5, section 4, subdivision k, of the Zoning Rules adopted thereunder, cannot be said to have placed unreasonable or unnecessary restrictions upon the erection of apartment houses in residential districts of said city, since said restrictions, in the light of existing social conditions and advancing social necessities, are properly within the powers of a municipality to limit and restrict the use of private property under legislative authority.

MOTION for an alternative order of mandamus.

*Carnahan, Pierce & Block,* for the petitioner.

*Clarence M. Platt, Corporation Counsel* [*George B. Draper* of counsel], for the respondents.

RODENBECK, J.:

The petitioner is not in a position to raise the question of his right to have his particular apartment house excepted from the zoning rules. No application was made for such an exception. The action of the superintendent of city planning and the advisory board anticipating such an application was ineffectual. The petitioner had the right to be heard on the question of the exception and has not waived his right. There would be no record to review without such hearing. His position is the same as if no application for an exception had been made. On this assumption he is not in a position to review the premature action of the superintendent of city planning and the advisory board. The procedure of a hearing is one to protect the applicant as well as the city. The application for an alternative order of mandamus, therefore, must be passed on as though no action had been taken by the superintendent of city planning and the advisory board. The petitioner, therefore, is merely in a position to question the zoning legislation so far as it prohibits the erection of apartment houses generally in the portion of East avenue in question. There is no claim that the petitioner owned his property prior to the passage of the rules prohibiting the erection of apartment houses and it must be assumed that he was not such owner. Nor is there any claim that any of the uses of other property referred to in the petition were excepted from the restrictions and it must be assumed that

they too were in existence prior to the establishment of the restrictions. The court will take judicial notice that East avenue is the chief residential street of the city. With these assumptions and under the allegations in the petition, the sole question is whether the city may prohibit the erection of apartment houses in the portion of East avenue in question, not this particular apartment house, but any apartment house. If the statute and rules are unconstitutional, of course no application to the superintendent of city planning and advisory board was necessary and the petitioner would be correct in his position that the superintendent of buildings could be compelled to grant a permit, but the statute and rules are not unconstitutional. The use of private property is not unrestricted under the Constitution and the Legislature may from time to time add new restrictions which are reasonably necessary. It cannot be said that the present restrictions as to apartment houses are unreasonable or unnecessary or that they are without the purpose of the statute, or the powers of the Legislature. The provisions of the Constitution as to the taking and use of private property are to be construed in the light of existing social conditions and advancing social necessities. The power of a municipality under legislative authority to limit and restrict the use of private property has been sustained in many cases, and zoning statutes, ordinances and rules, substantially similar to the ones involved on this application, have been upheld. (Charter of city of Rochester [Laws of 1907, chap. 755], § 291, subd. 4, as added by Laws of 1917, chap. 505, and § 292, added by Laws of 1917, chap. 505, as amd. by Laws of 1921, chap. 524; Zoning Rules, art. III, § 7; art. V, § 4, subd. k; *Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313, 317; *Biggs* v. *Steinway & Sons,* Id. 320; *City of Utica* v. *Hanna,* 202 App. Div. 610, 611; *Matter of Eiss* v. *Summers,* 205 id. 691. See 234 Mass. 597; *State ex rel. Morris* v. *East Cleveland,* 22 Ohio N. P. 549; 10 Am. Bar Assn. Jour. 185, 245; 71 N. Y. L. J. 792, 806, 820; National Municipal Review, Sept. 1924, vol. 13, p. 492.) The papers, therefore, raise no question of fact and upon the facts stated are insufficient as a matter of law.

The superintendent of city planning is not a proper party defendant, no application having been made to him for an exception to the zoning restrictions and the application is denied as to the superintendent of buildings on the ground that the statutes and rules applicable here are constitutional and that no consent had been obtained from the superintendent of city planning and the advisory board. Ten dollars costs.