MARY C. PRESCOTT, Plaintiff, *v.* HERBERT W. PIERCE and Others, Defendants.

Supreme Court, Monroe County, June 28, 1927.

**Municipal corporations — zoning ordinances — Rochester City Charter, §§ 291, 292, relating to zoning, not unconstitutional for failure to provide for notice, hearing and compensation — districts may be rezoned — injunction granted restraining rezoning because of arbitrariness.**

Sections 291 and 292 of the Rochester City Charter, relating to zoning and rezoning of the city of Rochester, are not unconstitutional on the ground that there is no provision for hearing, notice and compensation.

However, the rezoning of a district is one of fact and should be determined only after a full opportunity to present the evidence bearing upon the propriety of the proposed change, and, therefore, an injunction is granted restraining the defendants from rezoning a district in which plaintiff's property is located, because of the arbitrariness in the action by the defendants.

ACTION for injunction against rezoning district.

*Chamberlain, Page & Chamberlain*, for the plaintiff.

*Clarence M. Platt*, for the defendants.

RODENBECK, J. The statute under which the zoning of the city of Rochester has been done does not specifically provide for notice and hearing of changes in the plans adopted. (Laws of 1917, chap. 505, §§ 291, 292.) It confers power upon the city planning advisory board to hold public hearings upon matters coming before it (Id. § 292), but the statute does not contemplate compensation either in connection with the original zoning plan, or modifications thereof, and this omission is urged as a ground for the invalidity of the statute. The objection overlooks the fact that zoning legislation is an exercise of the police power of the State and when reasonably applied does not require notice, hearing or compensation. (*Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313; *Matter of Wulfsohn* v. *Burden*, 241 id. 288; *Safee* v. *City of Buffalo*, 204 App. Div. 561.)

The authority conferred by the statute to divide the city into districts, and to regulate buildings and structures therein, implies the power to change the districts, from time to time, as the con-

ditions may render necessary. It was not contemplated that a district once established should never be changed. The conditions in a locality may become such by reason of the growth of the city that a rezoning would be advisable. . Any other construction would give a fixity to the operation of the statute that might work serious results.

While zoning and rezoning under the statute are done under the police power and, therefore, are not prohibited under the Constitution although an injury may be occasioned to private property, the power must be reasonably exercised and cannot be used as a cloak for arbitrary and capricious action by the officers intrusted with the operation of the statute. The mere opinion of · the zoning officers on the subject is not controlling. If it were, any particular piece of property might be selected for special exemption and the statute would thus be reduced to an instrument for personal or political favors. The question of rezoning is often one of fact, and ought not to be determined except upon a full opportunity to present the evidence bearing upon the propriety of the proposed change.

Under the stipulated facts, the plaintiff is entitled to a judgment restraining such action on the ground that it would be an unreasonable exercise of the powers of the public officers and thus not within their delegated powers. (*City of Utica* v. *Hanna*, 202 App. Div. 610; *Eubank* v. *City of Richmond*, 226 U. S. 137.)

So ordered.