JOHN F. GEISLER, Plaintiff, *v.* FLORANCE B. MITCHELL, Defendant.

Supreme Court, Niagara County, April, 1930.

*George W. Knox*, for the plaintiff.

*Watts & Findlay* [*Francis T. Findlay* of counsel], for the defendant.

NORTON, J. The complaint alleges that plaintiff leased from defendant, for a term of five years, from October 1, 1926, to be

used for a rooming house, boarding house or hotel, certain premises situate in an apartment house zone or district in the city of Niagara Falls, as defined by chapter 28 of the ordinances of the city of Niagara Falls; that said ordinances then forbade the erection in said district of garages or places of business on the premises adjoining the leased premises on the north; that plaintiff made such lease relying upon the provisions of the ordinances that the portion of the zone in which the leased premises and the premises adjoining such premises on the north were situated could not be changed without the consent of the authorities of the city of Niagara Falls, and upon a petition representing a majority of the frontage in which the leased premises and said premises adjoining thereto on the north are situated; that plaintiff, after entering into possession of the leased premises, expended large amounts in advertising the hotel and rooming house business he conducted therein; and built up and established a large and profitable business. Plaintiff further alleges that it was the duty of defendant, as plaintiff's landlord, to refuse to consent to and to oppose any change in the ordinances, which would permit or allow the erection of any garage or place of business on said adjoining premises on the north which would be detrimental to plaintiff's use of the leased premises; that the Niagara Falls Motoramp Garage, Inc., caused a petition " of an alleged majority of the property owners on * * * the block in which said leased premises are situated," asking that said block be changed from an apartment-house district to a business district to be presented to the city council, which petition was referred by the city council to the advisory board of zoning commissioners of the city; that the petition was opposed before said board of zoning commissioners by defendant and others; that the board of zoning commissioners thereupon denied the prayer of the petition and refused to change such zone to a business district, and reported its findings to the city council; that the city council refused to take any action on the petition or to overrule the action of the board of zoning commissioners or " grant the prayer of the petition unless the said petitioners could make satisfactory arrangements with the defendant and others opposing said change; " that thereafter the defendant entered into a contract to sell, subject to said lease, the leased premises to the Harrison-Niagara Realty Corporation, conditioned upon said motoramp corporation first procuring the city council to amend the zoning ordinance so as to permit it to erect on the premises adjoining the leased premises on the north a motoramp garage; that such amendment was enacted by the city council, all with the knowledge, consent, connivance and assistance of defendant; that thereupon defendant conveyed

the leased premises, and assigned the lease to the Harrison-Niagara Realty Corporation, receiving therefor a consideration in excess of the actual value thereof, which excess was paid to and received by defendant in consideration for his withdrawal of his opposition and his consenting to such amendment of the Zoning Ordinances, and permitting the erection of a motoramp garage on such premises adjoining the leased premises on the north; that thereafter the motoramp corporation erected a motoramp garage on such adjoining premises so close to the leased building " as to interfere with the ventilation, light and air " in the rooms thereof, and that the value of plaintiff's lease was thereby greatly lessened and his said business destroyed; and he demands judgment for the damages he alleges he has suffered by reason thereof.

Accepting the facts to be as alleged by plaintiff, they do not constitute a cause of action against defendant.

Before the days of regulating and restricting the character and use of buildings within city residential and semi-residential districts, by so-called zoning laws and ordinances; and at present, providing zoning regulations do not prohibit, the owner of real property consisting of a building, and vacant land adjoining thereto, having leased or sold the building and lot on which it stood, retaining the adjoining vacant land, may erect thereon a structure which cuts off light, air and ventilation from the building and premises so sold or leased without being liable to his grantee or lessee therefor. In such case there is no implied easement of light, air and ventilation under the grant or lease to which the adjoining lot is servient. Nor is there an implied covenant on the part of such grantor or lessor not to cut off, by his use of the vacant premises retained by him, light, air and ventilation from the premises granted or leased. (*Doyle* v. *Lord*, 64 N. Y. 432; *Meyers* v. *Gemmel*, 10 Barb. 537; *Palmer* v. *Wetmore*, 2 Sandf. 316; *Holtz Amusement Co., Inc.*, v. *Schorr*, 122 Misc. 712; *Siegel* v. *John St. Corp.*, 190 App. Div. 349; *Solomon* v. *Fantozi*, 43 Misc. 61; 36 C. J. 32.)

It would follow that, under similar circumstances as to lack of zoning regulations, the owner of leased premises could, should the occasion arise, consent to the erection of structures upon, or the use of, adjoining property so as to obstruct the light, air and ventilation of the leased premises, without being liable therefor in damages to his lessee.

Further, plaintiff complains of the obstruction and loss of light, air and ventilation, caused by the erection of a motoramp garage building on such adjoining lot; yet such light, air and ventilation would have been as effectually obstructed and lost to his property had the structure been a hotel or apartment house, which could

have been erected on such adjoining lot without change of the zoning ordinances, and without liability.

Plaintiff bases his claim to recover damages from the defendant herein upon the allegation that defendant consented to and assisted to procure the amendment of the zoning ordinance. Such amendment was effected through the exercise of its governmental functions by the city council. It does not appear that the consent or assistance of defendant was in any manner legally essential to the enactment of such amendment.

The power of a city to enact zoning ordinances is conferred and limited by subdivision 25 of section 20 of the General City Law (added by Laws of 1917, chap. 483), and its power to amend or alter zoning ordinances after enactment thereof is conferred and regulated by section 83 of the General City Law (added by Laws of 1920, chap. 743, as amd. by Laws of 1927, chap. 504).

The city law-making body may not impose restrictions, other than those contained in the law, upon the enactment or amendment of zoning ordinances. Such restrictions are *ultra vires*. (*Coley* v. *Campbell*, 126 Misc. 869; *Matter of Melita* v. *Nolan*, Id. 345; *City of Utica* v. *Hanna*, 202 App. Div. 610, 612; *Welch* v. *City of Niagara Falls*, 210 id. 170; *Matter of Barker* v. *Switzer*, 209 id. 151.)

The Court of Appeals states how the power to zone should be exercised, as follows, in *Lincoln Trust Co.* v. *Williams Bldg. Corp.* (229 N. Y. 313): " The exercise of such power, within constitutional limitations, depends largely upon the discretion and good judgment of the municipal authorities."

The action of the city council in amending the ordinance in question was a governmental function. (*Howard* v. *City of Brooklyn*, 30 App. Div. 217.)

On page 223 in the *Howard* case the court says: " The adoption, of ordinances, such as the regulating of building operations * * * is a public governmental duty."

In discussing the power of municipal law-making bodies to pass ordinances, the Court of Appeals, in the case of *McCabe* v. *City of New York* (213 N. Y. 468, at p. 484), said: " The Legislature may also confer power upon common councils of cities to pass municipal ordinances, and such as are passed in pursuance of such authority are as obligatory as if enacted by the legislature itself."

The amendment in question herein was enacted by the city council of Niagara Falls without any legal intervention or action on the part of the defendant.

The plaintiff's contention that defendant exercised his personal influence with the individuals who composed the city council of Niagara Falls, and thereby procured them, acting as the city

council, to amend the ordinance in question, and, therefore, he is liable to plaintiff for the damages plaintiff has suffered flowing from such amendment, is not legally sound. (*Gallup* v. *Albany Ry. Co.*, 65 N. Y. 1.)

In the *Gallup* case (on p. 5) the court says: " The injury complained of resulted from a lawful act of the city, done, so far as appears, in a proper manner, and it can make no difference that under a provision of the law, the work ordered by the city was done by the plaintiff  *  *  *,  or by contractors appointed or employed by the city at his expense." And holds that plaintiff did not, by reason of doing such work or paying therefor, evict defendant, his tenant.

In *Duhain* v. *Merwood, Jaccard & King Jewelry Co.* (73 Misc. 423) an action for rent, defended on the ground of eviction, the court said: " The removal of the stoop  *  *  *  [pursuant to]  *  *  *  the act of the city authorities directing the removal of such encumbrance, did not exonerate the tenant from paying rent  *  *  *  and the fact that the encumbrance was removed by the landlord instead of his waiting until the city removed it does not affect the situation  *  *  *.  (*Campbell* v. *Porter*, 46 App. Div. 628.) " (See, also, *Seefel* v. *Rothchild*, 64 App. Div. 293.)

Had the power of the city council to enact the amendment in question legally depended upon defendant's consenting thereto or petitioning therefor, there would be more substance to plaintiff's claim, but such is not the case.

Defendant's motion to dismiss the complaint should be and is granted, with costs.