George H. Vinette, J.
The complaint herein asks for judgment declaring that the Zoning Ordinance of the Town of Granby, County of Oswego, New York, adopted on October 24, 1938, is *813 unconstitutional and invalid and that the defendants be restrained from interfering with the plaintiffs’ use of their property.
The said ordinance is known as the Zoning Ordinance of the West River Road, North Residential District of the Town of Granby, The boundaries of the district are described as follows: “ Beginning at a point in the North line of the City of Fulton where the same is intersected by the center line of the abandoned Syracuse-Oswego trolley right of way; thence northerly along said center line to the center line of the Dutton Road; thence easterly in the center line of the said Dutton Road and an extension thereof in a straight line to the west bank of the Oswego River; thence southerly along said west bank of the Oswego River to the North line of the City of Fulton; thence westerly in the said north line of the City of Fulton to the place of beginning.”
Roughly, the zoned area covers an irregularly shaped tract of land about a mile long and about a half a mile in depth at its widest point. The Town of Granby is about 10 miles long and about 8 miles wide at its widest point. No part of the town except the aforesaid portion thereof is zoned. The Zoning Ordinance limits the use of the zoned area for residential and agricultural purposes, which was the prevailing character of the district at the time of the adoption of said ordinance. It further provides that no buildings shall be rebuilt, remodeled or altered in any material way except for such purposes.
The plaintiffs purchased a parcel of property located within the zoned area sometime during the month of June, 1956. At the time of this purchase, there was situated on this lot a residence. The plaintiffs purchased and have used the said premises for residential purposes and for carrying on a dry cleaning business. They have constructed an addition to the residence for the purposes of conducting such business. The defendants have sought to restrain such business use which is concededly contrary to the provisions of the Zoning Ordinance of the Town of Granby. The plaintiffs do not contend that the said parcel was previously used for commercial purposes.
Article 16 (§§ 260 through 284) of the Town Law confers upon the Town Board powers of zoning and planning. Section 263 provides that zoning regulations “ shall be made in accordance with a comprehensive plan ”. The plaintiffs challenge the validity of the said Zoning Ordinance upon the ground that it zones only a small portion of the town and, 1 herefore, it does not constitute a comprehensive plan as required by the said statutory provision. The plaintiffs- concede that it was otherwise properly adopted,
*814 The burden of establishing that the ordinance is unconstitutional and invalid rests upon the plaintiffs who allege it. (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118; Town of Islip v. Summers Coal & Lumber Co., 257 N. Y. 167,169; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121.) The validity and reasonableness of each zoning ordinance must be determined under the particular circumstances which prevail in each case. (Dowsey v. Village of Kensington, 257 N. Y. 221, 228.)
For all practical purposes, the Town of Granby did adopt a comprehensive zoning plan. It declared in effect that one part of the town required zoning and the remainder of the town did not require such zoning. This constitutes a substantial compliance with the provisions of section 263 of the Town Law. A contrary holding would require a municipality to either zone its entire area or refrain from any zoning regardless of the circumstances which might exist. It does not seem advisable to so restrict a municipality in the absence of a clear statutory mandate in this respect.
The provision contained in section 263 of the Town Law that zoning regulations shall be made in accordance with the comprehensive plan, does not categorically require that the entire town or other municipality be zoned in its entirety in every case. The purpose of section 263 in this respect is to prevent evils such as spot zoning which has been defined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owners of such property and to the detriment of other owners. (Rodgers v. Village of Tarrytown, supra, pp. 123-124.) It is sufficient compliance with the statute if, as is true herein, the ordinance is comprehensive within the zoning district thereby established.
No evidence has been introduced in this case indicating in any respect whatsoever that there was any necessity or even desirability that the remainder of the town should be zoned. There is no evidence that the owners of property within the zoned area or that the owners of property outside thereof have been prejudiced or adversely affected by this ordinance. In the absence of a demonstration of the need or desirability for the zoning of the entire town, and in the absence of any evidence that the said ordinance is unreasonable or arbitrary, the said Zoning Ordinance must be considered as valid. This is particularly true in view of the stipulation of the parties that the ordinance was adopted with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging a most appropriate use of the land in the district.
*815 City of Utica v. Hanna (202 App. Div. 610) cited by the plaintiffs, is clearly distinguishable from the case at bar. In the cited case, prior to the adoption of the ordinance in question, the plaintiff had issued to the defendant a permit to build a gasoline station and pursuant to the permit the defendant had demolished the old building, installed a tank and. pump and sold gasoline and was engaged in constructing a new building. It would appear that the defendant then had a vested right to use the said premises for a gasoline station. (People v. Miller, 304 N. Y. 105, 108,109.) The ordinance in question was also defective in that it permitted the construction of a gasoline station if consented to by a limited number of the adjoining property owners. This constituted an improper delegation of legislative power. (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189.) In the instant case, the ordinance was adopted in 1938, about 18 years prior to the plaintiffs’ purchase of said premises. The cited case does not support the proposition that a zoning ordinance is invalid under any circumstances unless it zones an entire municipality.
This opinion shall constitute the decision of the court in accordance with section 440 of the Civil Practice Act. Declaratory judgment in favor of the defendants shall be entered in accordance with this decision, without costs.